## 17610

Elijah WINEGLASS, Respondent, v. H. R. McMINN and Charles S. Sharp, Co-partners, d/b/a Dr. Pepper Bottling Company, Appellants

(112 S. E. (2d) 652)

*Messrs. Bailey & Buckley,* of Charleston, *for Appellants,*

*Messrs. Jacobson, Rosenblum & Spar,* of Charleston, *for Respondent,*

February 8, 1960.

STUKES, Chief Justice.

This is an appeal from a judgment for damages to person and property suffered by plaintiff when the delivery truck of the defendants was driven into him and his station wagon as he stood at the back of the latter. It was properly parked on the street in front of plaintiff's place of business and he was in the act of loading it to make a delivery of furniture that he had repaired, which was his trade. The verdict was for $5,000.00 actual damages which was reduced to $4,000-.00 by the trial court by order *nisi* upon defendants' motion for such, for judgment *n. o. v.* or for new trial. Plaintiff consented to the reduction in the verdict and, presumably, judgment was entered thereupon as so reduced. Timely motion by defendants for directed verdict had previously been refused. They have appealed.

The evidence established that appellants' delivery truck was operated by one Inman, their salesman, who made deliveries of bottled drinks to retailers. He was compensated upon a commission basis. With the knowledge and without objection of appellants, he employed and paid a fourteen-year-old colored boy, Lawrence, as a helper, who would assist in taking the drinks into the places of business of the retailers. On this occasion Inman parked appellants' truck a few feet behind respondent's station wagon, partially in a no-parking area, made a delivery of drinks to a store across the street, then left the helper in the truck while he, Inman, walked "down the street", he said, to the place to which he was on that day moving his residence in order to pay the mover. He left the key in the ignition switch of the truck. The driver of a third vehicle asked the boy, Lawrence, to move the truck so that he, the other driver, could move

his vehicle in or out. Lawrence went to see if he could locate Inman, which he could not do; and returned to appellants' truck. Upon the repeated request of the other vehicle driver, who Lawrence testified said it "like he had mean it," he started appellants' truck and it lunged into the rear of respondent's station wagon, damaging it and respondent was injured between the vehicles. Lawrence's account was: "So I get in the truck and I try to start it up and after I started the truck, I tried to put it in gear and the truck get away from me." He had no driver's license and had never driven a truck.

The complaint originally contained specifications of negligence which were submitted to the jury, as follows: (1) operating the vehicle without keeping a proper lookout; (2) lack of proper control; and (3) improper brakes or failure to timely apply them. At the conclusion of the evidence respondent was permitted to amend his complaint by adding the following specification of negligence: leaving the motor vehicle, a dangerous instrumentality, in the care of and attended by an unlicensed and inexperienced driver. (Lawrence had testified that he had no driver's license and had never before driven a truck.) This was submitted to the jury with appropriate instructions, to which there was no exception.

Respondent would sustain the judgment upon the authority of *Banks v. Southern Express Co.*, 73 S. C. 211, 53 S. E. 166, *Osteen v. South Carolina Cotton Oil Co.,* 102 S. C. 146, 86 S. E. 202, L. R. A. 1916B, 629 and *Williamson v. Pike,* 140 S. C. 376, 138 S. E. 831, which represent the rule that, at least under some circumstances, an employer is liable for the tort of a helper engaged by the agent or servant of the employer. That is the law generally. 57 C. J. S., Master and Servant, § 564, p. 280; 35 Am. Jur. 969, Master and Servant, Sec. 540. *Cf.* annotation, 25 A. L. R. (2d) 984. Appellants counter with the contention that Lawrence was not appellants' employee and was Inman's helper only to assist in the manual delivery of drinks, not to operate or drive the truck. That might pose a dif-

ficult question which we avoid by turning to the obvious ground for affirmance that the evidence was ample to establish that Inman, the admitted agent of the appellants, was negligent in leaving the inexperienced, fourteen-year-old boy to attend the truck, with ignition key in it, when he should have foreseen as a reasonable and probable consequence the very thing that happened and that the safety of others on the street would be endangered by the boy's attempt to drive it. Thus we lay aside, without deciding, the question of the liability of appellants for the wrongful acts of the boy under the doctrine of *respondeat superior*. Undoubtedly they are so liable for the acts of Inman which were within the scope of his employment, as this was.

*Pfaehler v. Ten Cent Taxi Co.*, 198 S. C. 476, 18 S. E. (2d) 331, 335, is very similar to this case and is of controlling authority. There the driver of a taxi left in it an intoxicated passenger who undertook to drive it and collided with plaintiffs' automobile to their injury. Referring to the leaving by the driver of the taxi with the drunk, and the ignition key, in it, the court said: "There was the initial act of negligence which sat in motion the chain of events which cumulated in the collision with Mr. Pfaehler's car. * * * This was the negligence which was the proximate cause of the injuries." That case and *Hunter v. Boyd,* 203 S. C. 518, 28 S. E. (2d) 412, 413, were cited in *Ayers v. Atlantic Greyhound Corp.,* 208 S. C. 267, 37 S. E. (2d) 737, 741, for the following: "The intervening negligence of another will not excuse the first tortfeasor, if the intermediate wrong or a similar one (*Tobias v. Carolina P. & L. Co.,* 190 S. C. 181, 2 S. E. (2d) 686) should have been foreseen in the exercise of due care; the original negligence remains active and constitutes a concurring proximate cause of the ultimate injury." The court continued as follows: "We repeat that it matters not that the supervening and concurrent cause was an act of negligence of a third person (38 Am. Jur. 716, 717; *Tate v. Claussen-Lawrence Const. Co.,* 168 S. C. 481, 167 S. E. 826, and cases cited) or even a wilful or criminal act.

*Green v. Atlantic & C. A. L. Ry. Co.,* 131 S. C. 124, 126 S. E. 441, 38 A. L. R. 1448." See also *Brown v. National Oil Co.,* 233 S. C. 345, 105 S. E. (2d) 81, and authorities there cited.

The *Pfaehler case* is cited in the annotation upon the subject in 51 A. L. R. (2d) 633.

Affirmed.

TAYLOR, OXNER, LEGGE and MOSS, JJ., concur.