THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Willard M.
 Williams, Jr., Appellant/Respondent,
 v.
 Charles C.
 Bozeman, Robin C. Bozeman, d/b/a Robin Bozeman Trucking, Respondents/Appellants,
 And Turkeesha
 C. Minnifield and Dease Construction, Respondents.
 
 
 

Appeal From Georgetown County
  Benjamin H. Culbertson, Circuit Court
Judge

Unpublished Opinion No. 2009-UP-087
 Heard December 11, 2008  Filed February
12, 2009    

AFFIRMED

 
 
 
 Jeffrey E. Johnson, of Conway, for Appellant/Respondent.
 Glenn V. Ohanesian, J. Dwight Hudson, and Mary Anne Graham, all of
 Myrtle Beach, for Respondents/Appellants.
 G. Michael Smith, of Conway, for Respondent Dease Construction.  
 Margaret Fanning Horn, of Charleston, for Respondent Minnifield.
 
 
 

PER CURIAM: Willard M. Williams along with Charles C. Bozeman (Bozeman) and
 Robin C. Bozeman appeal the trial court's grant of summary judgment to Dease
 Construction on their causes of action for negligent entrustment (Issue I).  Williams
 also argues a genuine issue of material fact exists regarding whether Bozeman
 was negligent because he presented evidence Bozeman was speeding and caused the
 accident (Issue II).  We
 affirm pursuant to Rule 220(b)(1), SCACR, and the following authorities: Issue
 I: Fleming v. Rose, 350 S.C. 488, 493, 567 S.E.2d 857, 860 (2002)
 (providing summary judgment is proper when there is no genuine issue as to any
 material fact and the moving party is entitled to judgment as a matter of law); Am. Mut. Fire Ins. Co. v. Passmore, 275 S.C. 618, 621, 274 S.E.2d 416,
 418 (1981) ("The theory of negligent entrustment provides: 'the owner
 or one in control of the vehicle and responsible for its use who is negligent
 in entrusting it to another can be held liable for such negligent entrustment.'
 "); Wineglass v. McMinn, 235 S.C. 537, 541,
 112 S.E.2d 652, 654 (1960) (holding ample evidence established the
 appellants' agent was negligent in leaving an inexperienced, fourteen-year-old
 to attend to the truck with ignition key because the employee "should have
 foreseen as a reasonable and probable consequence . . . the safety of others on
 the street would be endangered by the boy's attempt to drive it"); Dennis by Evans v. Timmons, 313 S.C. 338, 341, 437 S.E.2d 138, 141 (Ct.
 App. 1993) ("When a person has not furnished the instrumentality but through
 negligence allowed access thereto to a child, the standard for imposing
 liability upon the person is whether the person knew of the child's proclivity
 or propensity for the specific dangerous activity which caused the harm.");
 and Issue II: Coleman v. Shaw, 281 S.C. 107, 110, 314
 S.E.2d 154, 156 (Ct. App. 1984) (holding violation of a statute is
 negligence per se but once established, the court must still examine the
 question of proximate cause); Rayfield v. S.C. Dept of Corr., 297 S.C.
 95, 103-04, 374 S.E.2d 910, 915 (Ct. App. 1988) ("Negligence per se simply means the jury need not decide if the defendant acted as
 would a reasonable man in the circumstances.  The statute fixes the standard of conduct required of the
 defendant, leaving the jury merely to decide whether the defendant breached the
 statute.  If he did, his failure to take due care is established as a matter of
 law. The only issue then left for the jury to determine is the third element of
 negligence, . . . whether the defendant's conduct proximately caused damage to
 the plaintiff."); Blanding v. Hammell, 267 S.C. 352, 357, 228
 S.E.2d 271, 272-73 (1976) (holding when "speed has not been a causative
 factor, the court has focused on the inevitability of the accident, irrespective of the defendant's
 speed, due to an unexpected entry of the plaintiff into the defendant's right
 of way"); Odom v. Steigerwald, 260 S.C. 422, 428, 196 S.E.2d 635,
 638 (1973) ("Assuming . . . the plaintiff was driving at an excessive rate
 of speed and was negligent, we think, as a matter of law, that such was not a
 contributing proximate cause. The real cause, the more immediate and efficient
 cause, was the improper driving conduct of [the defendant].  By driving his car
 directly into the path of plaintiff's vehicle when plaintiff was obviously so
 close to the intersection, [the defendant] created a trap from which plaintiff
 could not escape.").
AFFIRMED.
HEARN,
 C.J., and SHORT and KONDUROS, JJ., concur.