17668.    DAVIS *v.* GAVALAS *et al.*

</div>

STEPHENS, J. 1. In a suit against the parents of a child for personal injuries alleged to have been received by the plaintiff as a result of being run into by the child, who at the time was five years of age, while the child was riding a velocipede upon a public sidewalk at night, allegations to the effect that the parents furnished the velocipede to the child and knowingly permitted him to ride it upon the sidewalk under the circumstances indicated, and that the child, who on account of his tender years was irresponsible, incompetent, and unqualified to use the velocipede with such care and diligence as not to injure the plaintiff, used the velocipede and negligently collided with the plaintiff, were equivalent to alleging that the parents were negligent in knowingly permitting a child of such age to use the velocipede in the manner stated, and charged actionable negligence on the part of the parents.

2. Where the petition alleged that the child was, on account of his tender

Appeal and Error, 4 C. J. p. 1183, n. 37.

Infants, 31 C. J. p. 1094, n. 70.

Parent and Child, 29 Cyc. p. 1666, n. 9.

years, incapable of committing negligence, no cause of action against the child was set out.

3. This being a suit by the person injured against the parents and the child jointly, to recover damages for the injuries received by the plaintiff, the petition sets out a cause of action against the parents, but fails to set out a cause of action against the child.

*Judgment reversed in part and affirmed in part. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 30, 1927.

Action for damages; from Richmond superior court—Judge A. L. Franklin. September 2, 1926.

*W. D. Lanier,* for plaintiff. *W. Inman Curry,* for defendants.