37874. MATTHEWS, by Next Friend *v.* JOHNSON.

Decided September 21, 1959—Rehearing denied
October 6, 1959.

*Reinhardt & Ireland, Bob Reinhardt,* for plaintiff in error.
*Perry, Walters & Langstaff, H. H. Perry, Jr., Fred Hand, Jr.,*
contra.

Gardner, Presiding Judge. The plaintiff contends that this
case is not founded on the parental relation of the defendant to

his minor daughter but on the defendant's negligence in allowing his minor daughter to be accessible to and play with tools and instruments capable of inflicting serious injuries on others. Counsel for the plaintiff cite *Hulsey* v. *Hightower,* 44 *Ga. App.* 455 (161 S. E. 664) in support of the contention that the court erred in sustaining the general demurrer. The court held in that case that in order for the parent to be liable, gross negligence or indifference on the part of the parent would have to be shown. In other words it will be necessary for the parent to anticipate a willful, malicious and intentional injury which might result. In that case the general demurrer was held to be good. Counsel for the plaintiff should and probably did recognize that that case does not aid him. Nor does *Milton Bradley Co.* v. *Cooper,* 79 *Ga. App.* 302 (53 S. E. 2d 761, 11 A. L. R. 2d 1019) aid counsel for the plaintiff because the facts in that case are entirely different from the facts in the instant case. The relationship between parent and child does not, of itself, denote liability on the part of the parent. In order to show liability the petition must conclusively show that the parent could anticipate the injurious act of the child, and the act of the child must be legally traceable to negligence of the parent. Counsel for the plaintiff cite *Davis* v. *Gavalas,* 37 *Ga. App.* 242 (139 S. E. 577) to sustain counsel's position. In that case the parents allowed a child to ride a velocipede on a public sidewalk at night. Plainly the court correctly held that the petition stated a cause of action because it is reasonable to assume that the parents knew or should have known that a small child might run the velocipede into someone on the sidewalk at night. No such situation appears in the case at bar. This court has held in *Healey* v. *Webb,* 60 *Ga. App.* 331 (3 S. E. 2d 868) that general demurrers were good as against the pleadings in that case. There clay-pigeon traps had been left accessible to children. The court held in that case that the storing of the unloaded clay-pigeon traps in the barn was not the proximate cause of the plaintiff's injuries, but the injuries were directly caused by the independent and intervening act of third persons, the plaintiff's playmates. See also *Calhoun* v. *Pair,* 71 *Ga. App.* 211 (30 S. E. 2d 776). This latter case was certified to the Supreme Court (*Calhoun* v. *Pair,* 197

*Ga.* 703, 30 S. E. 2d 180) and the Supreme Court ruled that a father who furnishes a bicycle to a minor son to go to and from · school is not liable in damages for injuries received by a third person, even though the injuries are occasioned by the negligent and unlawful use of the bicycle by the minor and even though such negligence is the proximate cause of the injury. We feel that we must call attention to the fact that that case, as well as the other cases on which we are relying to sustain the ruling of the trial judge in sustaining the general demurrers, is not based on "the family-purpose doctrine" cases, which are entirely different from the case at bar.

In the instant case the defendant cannot be charged with liability because of alleged negligence on his part in leaving a garden rake where it could be played with by children. It was no more negligent to leave such an instrument immediately within the reach of children than the many other articles which have been ruled by this court not to constitute negligence on the part of the parent. Moreover, this case does not show that the injury was proximately caused by the leaving of the rake in the tool shed nor does it show injuries to Judy could be anticipated by the defendant.

The court did not err in sustaining the general demurrers to the petition.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*