44379.   GILBERT et al. v. FLOYD et al.

SUBMITTED APRIL 7, 1969—DECIDED MAY 13, 1969.

*Lindsay H. Bennett, George W. Adams,* for appellants.

*Robert F. McClure, Excell Eaves,* for appellees.

FELTON, Chief Judge. ■ *Count One.* The trial judge ruled that the Act of 1966 is constitutional and there is no cross appeal from that ruling. Otherwise, the court erred in sustaining the motions to dismiss the actions as to Count 1 against Mr. and Mrs. Floyd.

Count 1 in each case states a claim even without the allegations therein to the effect that the parents knew of the dangerous and vicious propensities of their son. Under the amendment to the Act of 1956 (Ga. L. 1956, p. 699) now appearing in *Code Ann.* § 105-113 (Ga. L. 1966, p. 424) a cause of action could be made out against either or both of the defendants under the provisions of the Act of 1966. The Act of 1966 is much broader than was the repealed Act of 1956. Under that Act the liability was upon the parent or parents having custody. Now it covers those in loco parentis. We shall not anticipate what the evidence will be on a trial and what the verdicts should be. Suffice it to say that a claim is stated against both defendants under the ruling that the Act of 1966 is not violative of the State or Federal Constitution. *Bazemore v. Burnet,* 117 Ga. App. 849, 852 (161 SE2d 924); *Harper v. De Freitas,* 117 Ga. App. 236 (160 SE2d 260). Many other cases could be cited to like effect.

■ *Count Two.* The court did not err in granting summary judgments to Mr. and Mrs. Floyd on Count 2, which alleged knowledge on the part of both parents as to the dangerous propensities of their son, etc. The response by the plaintiff to the defendants' motions does not show facts which charge the parents with reason to suspect that the child had such dangerous propensities as to wantonly stab another with a butcher knife. They denied such knowledge. The response of the plaintiff to the defendants' motions for summary judgment consisted of an affidavit ·by (1) Ann Stone and (2) one by Edward Haubenreich. The first affiant stated in her affidavit that about three and one-half years ago Rickey Floyd was playing with affiant's son who was then three years of age; that Rickey Floyd put a rope around Jeff's neck and pulled it, and that the rope left a red ring around Jeff's neck; that affiant scolded Rickey about such actions and that he was defiant and said "Why do you always blame me" and that she told Rickey's parents about his conduct. These facts are wholly insufficient to authorize the conclusion that the parents were aware of such dangerous propensities of Rickey as are alleged here. The second affidavit, by the principal of Chattanooga Valley Junior and Senior High School, deposed that he had a pupil in said school named Rickey Floyd, son of Mr. and Mrs. Homer E. Floyd; that Rickey Floyd withdrew from said school on March 7, 1967; that prior to his withdrawal, Rickey Floyd had been suspended from school several times and was defiant with teacher as well as affiant; that when Rickey left on March 7, 1967, he came by affiant's office and said "If I ever catch you out, Haubenreich, I'll beat you with a stick"; that he, as well as the visiting teacher counseled and talked with Rickey's parents concerning his conduct at school and his rebellious attitude and that he recommended, as did the visiting teacher, that Rickey receive some sort of psychiatric examination and possible therapy.

This affidavit was also insufficient to charge the parents with knowledge of such dangerous propensities of Rickey Floyd as are alleged. The same is true as to both affidavits combined.

The court erred in sustaining Mr. and Mrs. Floyd's motions to dismiss Count 1 of the petition.

The court did not err in granting the motions of Mr. and Mrs. Floyd for summary judgments on Count 2.

*Judgment affirmed in part; reversed in part. Pannell and Quillian, JJ., concur.*