47398. DUNAWAY et al. v. KAYLOR et al.

BELL, Chief Judge. This is an appeal from the grant of summary judgment for defendants in a case wherein plaintiffs seek recovery for damages against the parents of a minor, age 14, for the latter's tortious conduct. *Held:*

1. In *Corley v. Lewless,* 227 Ga. 745 (182 SE2d 766), the Supreme Court held the Act of March 10, 1966 (Ga. L. 1966, p. 425; *Code Ann.* § 105-113) to be unconstitutional. This statute made a parent or other person in loco parentis liable for the wilful and wanton acts of his minor children. Thus, plaintiffs cannot recover under this statute against the defendants, parents of a minor age 14, who allegedly wilfully and wantonly attacked one of the plaintiffs with an ice pick.

2. The complaint as an alternative ground alleged that the defendants knew at the pertinent time that their son was of a violent temperament and had a propensity to violence; that defendants were negligent "in failing to warn plaintiffs of the danger of such violence"; that they negligently "failed to restrain their son from inflicting the claimed injuries upon plaintiffs"; that at the time of the alleged attack defendants' minor son had been dispatched to plaintiffs' home on an errand for the defendants; and that the defendants were negligent in dispatching their son to plaintiffs' home with knowledge of his propensity to violence without warning or restraint to the plaintiffs. Like *Bell v. Adams,* 111 Ga. App. 819 (143 SE2d 413), this alternative ground for recovery is based upon

charges of negligence committed by defendants and not upon liability under ordinary principles of an agency or a master and servant relationship. The plaintiffs' whole theory of recovery on negligence is based on the allegations of prior knowledge that defendants' son was possessed of violent characteristics and with that knowledge the minor son was sent on an errand to plaintiffs' home without warning of this violent trait. These allegations of prior knowledge were pierced by the evidence offered in support of the motion for summary judgment. In answer to plaintiffs' interrogatories both defendants denied that their son had ever engaged in combat with anyone or that anyone has complained about the conduct of their son within the past five years. The defendant father testified at his deposition that his son had never done anything like this previously; that he was a "social" and "affectionate" child. In opposition to this evidence, one of the plaintiffs swore in her affidavit that the day following the alleged attack, the defendant father, after apologizing to the affiant for his son's act of stabbing her, stated that his son "had been treated at Talmadge Hospital and they had been trying to get him in Gracewood and [he] was presently on the waiting list at Gracewood" and that the father knew he "was going to have problems" with his son. This evidence is insufficient to make any jury issue of material fact on the allegation of previous knowledge of the propensity for violence of their son. Merely admitting that he knew he would have "problems" could not be a reasonable basis for inference of previous knowledge of violent traits. To do so would be pure speculation and conjecture. See and compare *Gilbert v. Floyd,* 119 Ga. App. 670 (2) (168 SE2d 607). The trial court did not err in the grant of summary judgment to defendants.

*Judgment affirmed. Quillian and Stolz, JJ., concur.*
ARGUED SEPTEMBER 5, 1972—DECIDED NOVEMBER 17, 1972.

*Burnside, Dye & Miller, Thomas R. Burnside, Jr., Jack D. Evans,* for appellants.

*Nicholson & Fleming, John Fleming,* for appellees.