## 58256. POYTHRESS v. WALLS et al.

DEEN, Chief Judge.

Alan Walls, a 16-year-old, took a golf putter of unknown origin from his father's unlocked tool shed and carried it while snake hunting. Passing a neighbor's house where children were playing with a semi-deflated volley ball he invited it to be thrown to him and hit at it with the club. On the second hit the putter either broke or the end slipped from the wooden frame and flew clear,

striking a child in a nearby driveway and inflicting serious facial injuries.

The resulting damage suit is in three counts. Count 1, directed against Alan Walls for negligence, and Count 3, relating to damages, are not here involved, but the appeal is from the sustaining of a summary judgment as to Count 2 in favor of the primary defendant's parents.

1. Count 2 of the complaint sought to hold the parents liable on the theories of negligent entrustment and negligence in failing to restrain the alleged known reckless propensities of the youth. The appellant contends there is evidence to raise a jury question on the parents' negligence in maintaining a utility room unlocked and unsupervised; allowing their son to take out golf clubs, not inspecting the clubs, knowing the son had previously inflicted injury with a golf club on another neighbor, that "Appellee had knowledge or should have known that his son swung golf clubs on or about the paved streets where appellant was injured; that appellee had personal knowledge of his son's use, possession and acquisition of the golf club which caused the injury and thus his son's improper use thereof; that the father should have known that the son had on numerous occasions hit golf clubs up against hard and inert objects, i.e. pavement on the street, trees and concrete steps and thus should have known that on one particular occasion after his son borrowed a club from a neighbor it came back without a head on it." The last incident refers to the account of another 16-year-old that young Watts on one occasion hit a club against the "brick part" of the Clubhouse, fracturing the wood, and that — as to the prior infliction of injury — at some previous time the boy was swinging the club and a neighbor "might have" walked into his swing. There is disputed evidence that the father heard of this latter incident, but no testimony at all that any other dereliction had been brought to his attention. The boy and his father frequently played golf together. The golf putter did not belong to the family, the father did not know it was in the shed, and no one could explain its origin.

The depositions and affidavits submitted here demand a finding that Walls' parents knew nothing of the club in question and had no reason to believe their son

would put a golf club to a reckless use. The negligent entrustment theory must fail as there is no evidence of parental negligence in furnishing the club or permitting the child access to it with knowledge that it would be likely in his hands to injure a third party. Cf. *Scarboro v. Lauk,* 133 Ga. App. 359, 361 (210 SE2d 848) (1974); *Herrin v. Lamar,* 106 Ga. App. 91 (126 SE2d 454) (1962).

2. As to negligence in failing to restrain or limit the son's activity, this must rest on actual knowledge by the parent of prior dangerous propensities or improper use of golf clubs, and again it must be held that none has been shown. Some evidence suggests that the neighborhood children frequently carried golf clubs around, that sometimes these hit hard objects and broke, and that Walls had previously fractured or broken a club. There is no evidence of knowledge of known reckless propensities on the part of the adult defendants. In this the case resembles *Dunaway v. Kaylor,* 127 Ga. App. 586 (194 SE2d 264) (1972), where summary judgment for the defendants was upheld, *Chester v. Evans,* 115 Ga. App. 46 (153 SE2d 583) (1967) where a motion to dismiss was erroneously denied, and *Gilbert v. Floyd,* 119 Ga. App. 670 (168 SE2d 607) (1969) where the grant of summary judgment was affirmed. All of these cases turn on lack of knowledge by the parents of alleged dangerous propensities of the child. The same rule applies here. The trial court properly granted summary judgment to the defendant parents as to Count 2 of the complaint.

*Judgment affirmed. Birdsong and Carley, JJ., concur. Shulman, J., not participating.*

ARGUED JULY 3, 1979 — DECIDED
SEPTEMBER 4, 1979.

*Guerry R. Thornton, Jr.,* for appellant.
*Frank W. Seiler, Joseph P. Brennan,* for appellees.