## 58664. MUSE et al. v. OZMENT.

CARLEY, Judge.

The appellants in this case are Robyn Muse and her mother, Bobbie Muse. The litigation below arose out of an unfortunate incident occurring at a family gathering. Four-year-old Robyn, her mother and other relatives were guests at the home of the defendant-appellee who is Robyn's uncle and Bobbie's brother. After dinner, the men retired to the living room and the ladies to the patio. Robyn and her nine-year-old cousin, appellee's son, went into the backyard to play. Her cousin obtained a golf club from an unlocked storage building behind the house. When her cousin took a swing with the golf club, Robyn, who was standing behind, was struck in the forehead. Robyn, by her mother as next friend, filed suit against appellee and his son. She alleged that her cousin had negligently wielded and swung the golf club so as to strike her. The allegations against appellee were that he "was negligent in not exercising control of [his son, appellant's

cousin], and allowing him to wield this potentially dangerous instrument." It was further alleged that appellee knew that his son "was unskilled and unfamiliar with the use of adult golf clubs . . . and failed to properly instruct [his son] in safety procedures regarding its use." Robyn Muse sought $150,000 in damages. Robyn's mother filed a simultaneous action against her nephew and appellee, her brother, alleging the same acts of negligence against them as had her daughter's complaint. Robyn's mother sought to recover Robyn's medical expenses and $50,000 in damages.

After discovery, appellee, as a defending party, moved for summary judgment in each civil action. Appellee's motion was granted, leaving his minor son as the sole defendant in each case. Robyn and her mother appeal from this grant of summary judgment which had the effect of dismissing each appellant's case against appellee.

" 'Under the common law, traditionally, parents were not liable in damages for the consequences of the torts of their minor children solely because of the existence of the parent-child relationship. Unless the parent participated in the minor's tort, or through negligence caused or permitted the tort to occur, courts often absolved parents from liability, unless some other relationship, such as that of principal and agent, or master and servant, existed between parent and child.' [Cit.] The decisions of [the Supreme Court] and of the Court of Appeals have been in accord with these common law principles. The rule enunciated in Georgia is that the liability of a parent for an injury committed by his child is governed by the ordinary principles of liability of a principal for the acts of his agent, or a master for his servant. Code § 105-108. [Cits.] Recovery has been permitted where there was some parental negligence in furnishing or permitting a child access to an instrumentality with which the child likely would injure a third party. *Davis v. Gavalas,* 37 Ga. App. 242 (139 SE 577) (velocipede); *Faith v. Massengill,* 104 Ga. App. 348 (121 SE2d 657) (BB gun); *Herrin v. Lamar,* 106 Ga. App. 91 (126 SE2d 454) (rotary lawnmower); *Glean v. Smith,* 116 Ga. App. 111 (156 SE2d 507) (pistol); *McBerry v. Ivie,* 116 Ga.

App. 808 (159 SE2d 108) (shotgun). In cases of this sort the question is whether the facts of the case impose upon the parent a duty to anticipate injury to another through the child's use of the instrumentality. [Cits.] In all the above cited cases, causes of action against the parents of minor tortfeasors are rooted in the common law and are predicated on something more than the mere parent-child relationship." *Corley v. Lewless,* 227 Ga. 745, 747 (182 SE2d 766) (1971).

The evidence in the instant case shows merely that appellee had stored, in an unlocked outbuilding, a golf club. His son, acting without direction and without appellee's knowledge, obtained the club from its place of storage and began to play with it. While playing with the club, appellee's son struck and injured Robyn. These facts demonstrate no actionable negligence on the part of appellee. *Healey v. Webb,* 60 Ga. App. 331 (3 SE2d 868) (1939); *Matthews v. Johnson,* 100 Ga. App. 331 (111 SE2d 158) (1959). "Where a parent has no special reason to anticipate that a child, either through known dangerous proclivities or because of its [sic] possession of dangerous instrumentalities, may inflict harm on the person or property of others, mere failure to supervise the child's play activities is not a failure to exercise ordinary care on the part of the parent so as to subject him to liability . . . [Cits.]" *Barlow v. Lord,* 112 Ga. App. 352 (145 SE2d 272) (1965). The evidence demonstrates that appellee's son had no "dangerous proclivity," known to appellee or otherwise, for obtaining the golf club and swinging it in the presence of others. *Poythress v. Walls,* 151 Ga. App. 176 (259 SE2d 177) (1979). See also *Chester v. Evans,* 115 Ga. App. 46 (153 SE2d 583) (1967); *Gilbert v. Floyd,* 119 Ga. App. 670 (168 SE2d 607) (1969); *Dunaway v. Kaylor,* 127 Ga. App. 586 (194 SE2d 264) (1972); *Scarboro v. Lauk,* 133 Ga. App. 359 (210 SE2d 848) (1974). The evidence shows that appellee had no reason to anticipate injury to another through his son's use of the golf club and, therefore, there was no duty to guard against it. *Hatch v. O'Neill,* 133 Ga. App. 624 (212 SE2d 11) (1974). "Failure to keep an 'unremitting watch and restraint' over children in their own yard in the absence of knowledge of facts and circumstances requiring such action is not negligence."

*Scarboro v. Lauk,* 133 Ga. App. 359, 361, supra. The grant of summary judgment to appellee was proper. *Poythress v. Walls,* 151 Ga. App. 176, supra.

*Judgment affirmed. Deen, C. J., and Shulman, J., concur.*

ARGUED OCTOBER 2, 1979 — DECIDED JANUARY 8, 1980.

*Robert W. Steinbruegge, William D. Sparks,* for appellants.

*J. Clinton Sumner, Jr., Raymond H. Cox,* for appellee.