62526. HILL et al. v. MORRISON et al.

DEEN, Presiding Judge.

It is well settled that by common law and in this state unless changed by statute, parents are not liable in damages for the torts of their minor children merely because of the parent-child relationship, when liability exists it is based on a principal-agent or a master-servant relationship where the negligence of the child is imputed to the parent, or it is based on the negligence of the parent in some factual situation such as allowing the child to have unsupervised control of a dangerous instrumentality. *Corley v. Lewless,* 227 Ga. 745 (182 SE2d 766) (1971). Where the instrumentality in question is a firearm or other explosive, liability is frequently imposed upon an offending parent, or at the least a jury question as to such liability arises. See *Faith v. Massengill,* 104 Ga. App. 348 (121 SE2d 657) (1961); *Glean v. Smith,* 116 Ga. App. 111 (156 SE2d 507) (1967); *McBerry v. Ivie,* 116 Ga. App. 808 (159 SE2d 108) (1967). As stated in *Assurance Co. of America v. Bell,* 108 Ga. App. 766 (134 SE2d 540) (1963) the true test of parental negligence *vel non* is whether in the exercise of ordinary care he should have anticipated that harm would result from the unsupervised activities of the child and whether, if so, he exercised the proper degree of care to guard against this result. *Muse v. Ozment,* 152 Ga. App. 896 (264 SE2d 328) (1980).

Where injury is caused by an instrumentality made accessible to the child by the parent, which if used properly is reasonably safe but which becomes a dangerous instrumentality when not properly handled, the question becomes one of ordinary negligence. Whether or not the parent exercised ordinary care to anticipate and guard against such misuse is thus frequently a jury question as in other negligence cases. Furnishing a velocipede to a five-year-old child and allowing him to ride it on a public sidewalk set out a cause of action against the parents. *Davis v. Gavalas,* 37 Ga. App. 242 (139 SE 577) (1927). Permitting defendants' ten-year-old to operate a rotary lawn mower which injured another child playing in the yard was held actionable in *Herrin v. Lamar,* 106 Ga. App. 91 (126 SE2d 454) (1962). Although recovery is permitted where through parental negligence a child is permitted access to an instrumentality which, if not properly

used, is foreseeably likely to cause injury to a third person, this does not make the parent liable for an injury negligently inflicted by a child where there is no dangerous proclivity known to the former and no reason to anticipate the injury which in fact occurred. *Muse v. Ozment,* 152 Ga. App. 896, supra (where a nine-year-old child came upon some stored golf clubs and accidentally struck and injured his four-year-old cousin while swinging one of them).

Bearing the above distinctions in mind, the only question presented by this appeal is whether the defendant parents, the appellees, are as a matter of law guilty of no negligence in failing to anticipate and guard against harm resulting to a third party from their act in giving their nine-year-old son a motorized go-cart, in failing to secure it when not in use, and in allowing him without supervision to ride it around an adjoining vacant lot at the side of a public street. The precautions taken by the defendants were as follows: they instructed their son to wear a helmet when using the go-cart, not to drive it into the street, and not to let a third person use it without parental permission. No such permission had been requested. The Hills did not know of the existence of the cart.

While Royce Hill, the plaintiffs' son, was visiting David Morrison with the knowledge and consent of both sets of parents, and at a time when they were unsupervised, David took Royce outside, showed him the go-cart, and proceeded to ride it. Royce then demanded to be allowed to ride. David told him he could not ride without his parents' permission. Royce threatened to leave and David relented. Neither thought to ask permission of Mrs. Morrison who was inside. Royce started the cart and immediately drove it into the street, where he collided with and was instantly killed by an oncoming car.

Children nine and ten years of age respectively are legally incapable of committing a tort. Code §§ 105-1806; 26-701. They "must be expected to act upon childish instincts and impulses, and not to exercise the discretion and prudence necessary for their safety, with regard to dangerous agencies." *Glover v. Dixon,* 63 Ga. App. 592, 599 (11 SE2d 402) (1940). *Meriweather v. Atlanta Transit Co.,* 83 Ga. App. 783, 790 (64 SE2d 702) (1951). There is no doubt but that a motorized go-cart when not properly driven may be equally as dangerous as a motor vehicle when improperly used. Code § 68A-1401. *Burks v. Green,* 85 Ga. App. 327, 330-331 (69 SE2d 686) (1952). Parental negligence may be inferred from furnishing or permitting a child access to an instrumentality likely to cause injury to a third party. *Scarboro v. Lauk,* 133 Ga. App. 359 (210 SE2d 848) (1974). One who entrusts another with a dangerous instrument under circumstances that he has reason to know are likely to produce injury

is liable for the ensuing consequences. *Miles v. Harrison,* 115 Ga. App. 143 (154 SE2d 377) (1967) (reversed on other grounds, 223 Ga. 352 (155 SE2d 6) (1967)). Although the defendants recognized the danger and cautioned their child against it, whether or not mere words were sufficient to relieve them from responsibility is not, we believe, an issue to be decided as a matter of law.

The trial court erred in granting the motion for summary judgment.

*Judgment reversed. Banke and Carley, JJ., concur.*

DECIDED OCTOBER 1, 1981 —
REHEARING DENIED OCTOBER 23, 1981 — 

*Edward L. Hartness,* for appellants.
*Robert B. Struble,* for appellees.