71554. MAYER v. SELF et al.
(341 SE2d 924)

McMURRAY, Presiding Judge.

This action for damages arises from an incident in which defendants' five-year-old son, Tommy, struck another child with a golf club causing substantial injuries. This action was filed on behalf of the injured child, Peter Mayer as plaintiff, by his mother as his next friend. Plaintiff's complaint alleges negligence on the part of defendants on several theories including "[n]egligently furnishing or permitting said child access to an instrumentality with which said child would likely injure another child, or person."

Upon the close of plaintiff's evidence defendants' motion for directed verdict was granted. Plaintiff appeals. *Held*:

1. Generally, parents are not liable in damages for the torts of their minor children merely because of the parent-child relationship. "[T]he liability of a parent for an injury committed by his child is governed by the ordinary principles of liability of a principal for the acts of his agent, or a master for his servant [OCGA § 51-2-2] . . . Recovery has been permitted where there was some parental negligence in furnishing or permitting a child access to an instrumentality with which the child likely would injure a third party. *Davis v. Gavalas*, 37 Ga. App. 242 (139 SE 577) (velocipede); *Faith v. Massengill*, 104 Ga. App. 348 (121 SE2d 657) (BB gun); *Herrin v. Lamar*, 106

Ga. App. 91 (126 SE2d 454) (rotary lawnmower); *Glean v. Smith*, 116 Ga. App. 111 (156 SE2d 507) (pistol); *McBerry v. Ivie*, 116 Ga. App. 808 (159 SE2d 108) (shotgun). In cases of this sort the question is whether the facts of the case impose upon the parent a duty to anticipate injury to another through the child's use of the instrumentality." *Corley v. Lewless*, 227 Ga. 745, 748 (182 SE2d 766). See also *Muse v. Ozment*, 152 Ga. App. 896 (264 SE2d 328); *Poythress v. Walls*, 151 Ga. App. 176 (259 SE2d 177); and *Hulsey v. Hightower*, 44 Ga. App. 455 (3) (161 SE 664).

Defendants argue that there is no evidence that they permitted their child access to the golf club. However, this overlooks several items of evidence. There was evidence that on the day prior to the incident at issue plaintiff had been in defendants' yard playing with their child with the golf club. When defendants' child was called in for dinner the defendant mother placed the golf club on a three or four foot woodpile in the yard. The next day (the date of plaintiff's injury), after plaintiff arrived at defendants' house, their child retrieved the golf club from the woodpile. Shortly after plaintiff and defendants' child began playing with the golf club, the defendant father approached the two children and told them to go play in the backyard, but did nothing to interfere with their use of the golf club. This evidence is sufficient to present a genuine issue of material fact as to whether the defendants permitted their child access to the golf club.

There was also evidence that defendants were aware of a previous incident in which their son had hurt someone with a golf club. Thus, a jury issue was also presented as to whether the defendants should have anticipated injury to another through their child's use of a golf club. However, we emphasize that allowing a child unsupervised access to a golf club, without more, would not provide the evidence of parental negligence necessary for a recovery, as was the case where the instrument was a pistol, a shotgun, or a rotary lawnmower. See generally *Muse v. Ozment*, 152 Ga. App. 896, supra. The trial court erred in granting defendants' motion for directed verdict.

2. One of plaintiff's witnesses attempted to testify as to what the witness had been told by her son (in regard to having been hit by defendants' child with a golf club). Plaintiff enumerates as error the trial court's sustaining of defendants' hearsay objection to this testimony, arguing that the statement at issue was part of the res gestae. However, the determination of admissibility as part of the res gestae should be left to the sound discretion of the trial court and not disturbed on appeal unless clearly erroneous. *Andrews v. State*, 249 Ga. 223, 228 (290 SE2d 71); *South Ga. Brokers v. Fidelity &c. Ins. Co.*, 153 Ga. App. 503, 506 (3) (265 SE2d 815). We find no error under the circumstances at issue. This enumeration of error is without merit.

*Judgment reversed. Banke, C. J., and Benham, J., concur.*

Decided March 4, 1986.

*Arthur H. Marateck, A. L. Crawley*, for appellant.
*Sam F. Lowe, Jr., Sam F. Lowe III*, for appellees.