A90A0925. SAENZ et al. v. ANDRUS.
(393 SE2d 724)

BIRDSONG, Judge.

Appellants/plaintiffs, Beatrice Saenz and her son, Felix, appeal from the ruling of the superior court granting summary judgment to appellee/defendant, Evy Andrus.

Appellant Felix was playing at the home of appellee with appellee's son, Shane, and another boy. Shane and Felix began throwing a knife, which Shane had gotten from a drawer, into the wall. Subsequently, Shane obtained a butcher knife from the counter and threw it in the direction of Felix to scare him. The knife stuck in the side of Felix' head. Felix was subsequently hospitalized and underwent surgery.

The record reflects that appellee worked in the day and did not arrive home until about 6:00 p.m. each evening. The day of the incident, school was let out early, and the boys arrived at the apartment about noon. There were no adults in the house, and the butcher knife was on the kitchen counter.

Previously, Shane had on several occasions been throwing a pocket-type knife at the living room wall; appellee was aware of this and had instructed him to stop. Appellee had taken one pocketknife from her son, and had instructed him not to use any knife without

permission except at mealtime. Appellee testified, by way of deposition, that she had no knowledge of any previous incidents where her son had injured or fought with other children. However, appellee also testified that before they moved to Lawrenceville, her son had shown "aggressive tendencies" towards other boys in the "PE classes and in recess." Shane testified he had been involved in one fight with a boy in his home and that his mother was informed, but the date of this incident is not clearly established in the record. Appellee had instructed her son not to allow other children in the house; and to her knowledge he had not violated this rule, although a year earlier there was one incident where other children were in the house. *Held*:

1. " '(O)n summary judgment, the movant has the burden of showing "there is no genuine issue as to any material fact and that [movant] is entitled to a judgment as a matter of law." [Cit.] When, as in the instant case, the movant is the defendant, [movant] has the additional burden of piercing the plaintiff's pleadings and affirmatively negating one or more essential elements of the complaint.' [Cit.] In ruling on a motion for summary judgment, the opposing party should be given the benefit of all reasonable doubt, and the court should construe the evidence and all inferences and conclusions arising therefrom most favorably toward the party opposing the motion. [Cits.]" *Moore v. Goldome Credit Corp.*, 187 Ga. App. 594, 595-596 (370 SE2d 843).

2. In Georgia, unless the common law is changed by statute, parents are not liable in damages for the torts of their minor children merely because of the parent-child relationship; "when liability exists it is based on a principal-agent or a master-servant relationship where the negligence of the child is imputed to the parent, or it is based on the negligence of the parent in some factual situation such as allowing the child to have unsupervised control of a dangerous instrumentality." *Hill v. Morrison*, 160 Ga. App. 151 (286 SE2d 467). "Where injury is caused by an instrumentality *made accessible* to the child by the parent, which if used properly is reasonably safe but which becomes a dangerous instrumentality when not properly handled, the question becomes one of ordinary negligence. Whether or not the parent exercised ordinary care to anticipate and guard against such misuse is thus frequently a jury question as in other negligence cases. . . . Although recovery is permitted where through parental negligence a child *is permitted access* to an instrumentality which, if not properly used, is foreseeably likely to cause injury to a third person, this does not make the parent liable for an injury negligently inflicted by a child where there is no dangerous proclivity known to the former and no reason to anticipate the injury which in fact occurred." (Emphasis supplied.) Id. at 151-152.

" 'In cases of this sort the question is whether the facts of the

case impose upon the parent a *duty to anticipate* injury to another through the child's use of the instrumentality.' " (Emphasis supplied.) *Jackson v. Moore*, 190 Ga. App. 329 (378 SE2d 726); *Salter v. Roan*, 161 Ga. App. 227 (1) (291 SE2d 46); see *Assurance Co. of America v. Bell*, 108 Ga. App. 766 (4) (134 SE2d 540). " 'Recovery has been permitted where there was some parental negligence in furnishing *or permitting* a child access to an instrumentality with which the child *likely* would injure a third party.' " (Emphasis supplied.) *Jackson*, supra at 329.

In the case sub judice, appellee neither furnished nor expressly permitted her son access to the butcher knife, notwithstanding that the knife was left on the counter where access thereto could be had. "In those cases in which the parent did not *furnish* the dangerous instrumentality [but through negligence allowed access thereto] to the child, the standard for imposing liability upon a parent . . . is whether the parent knew of the child's proclivity or propensity *for the specific dangerous activity*. See, e.g., *Dent v. Smith*, 172 Ga. App. 90 (322 SE2d 100). . . ." (Emphasis supplied.) *Jackson*, supra at 330. If such knowledge cannot be shown on the part of appellee, then liability cannot attach to her, as a "parent is not an insurer that the child will not harm another." *Assurance Co.*, supra at 774.

In the case sub judice, although appellee was on notice of her son's propensity to throw pocketknives against the wall of her house, she was not on notice that her son had any propensity whatsoever to throw any type of knife at or near another human being. "Since [appellee/defendant] had no reason to anticipate that [her] son would take the [family butcher knife] *and* [throw it at or near another human being], [s]he had no duty to guard against it." (Emphasis supplied.) *Salter*, supra at 228; *Dent*, supra at 93. Further, "[a] mother is not negligent in simply failing to keep a constant and unremitting watch and restraint over her children." *Hatch v. O'Neill*, 133 Ga. App. 624, 625 (212 SE2d 11); accord *Salter*, supra at 228; *Muse v. Ozment*, 152 Ga. App. 896, 898 (264 SE2d 328).

3. Examining the issue before us in light of attendant facts and the principles of law discussed in Divisions 1 and 2, above, we conclude that the trial court did not err in granting summary judgment to appellee/defendant. "The summary judgment law does not require the defendant to show that no issue of fact remains, but rather [that] no genuine issue of material fact remains [cit.]; and while there may be some 'shadowy semblance of an issue' [cit.], the case may nevertheless be decided as a matter of law where the evidence shows clearly and palpably that the jury could reasonably draw but one conclusion." (Emphasis deleted.) *McCray v. Hunter*, 157 Ga. App. 509, 511-512 (277 SE2d 795). Compare *Dunaway v. Kaylor*, 127 Ga. App. 586 (194 SE2d 264) (defendant's son stabbed plaintiff with icepick) and

*Gilbert v. Floyd*, 119 Ga. App. 670 (168 SE2d 607) (defendant's son stabbed plaintiff with butcher knife). We will not reverse the correct decision of the trial court regardless of the reason given therefor. *Shapiro v. Lipman*, 259 Ga. 85, 86 (377 SE2d 673); *Tony v. Pollard*, 248 Ga. 86 (1) (281 SE2d 557).

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED APRIL 23, 1990.

*Wynn Pelham*, for appellants.

*Swift, Currie, McGhee & Hiers, Stephen L. Cotter, Julie L. Ginden*, for appellee.