### A91A0346. JACOBS et al. v. TYSON et al.
(407 SE2d 62)

BANKE, Presiding Judge.

The appellants' 12-year-old son, Calvin, was killed at the appellees' home when 12-year-old Darold Taylor, who is the son of appellee Geraldine Tyson and the stepson of appellee Perry Lee Tyson, retrieved a loaded pistol from an unlocked dresser drawer in the appellees' bedroom and accidentally shot him with it. The appellants filed this wrongful death action against Darold, the appellees, and the manufacturer of the weapon. The case is before us on appeal from the grant of the appellees' motion for summary judgment.

The two boys were alone in the house when the shooting occurred. Darold's stepfather testified that he "didn't think [Darold] knew that gun was in the house," while his mother testified that she knew Darold was aware they had a gun but did not know he knew where it was. The mother further testified: "I thought it was in the safest place that Darold would not go. I have never had trouble with Darold going in my bedroom at all."

Darold testified that he had learned the location of the gun from hearing the appellees talk about it but stated that he had never before touched it or any other gun. He testified that Calvin had come over to his house after school on the day of the shooting and that as the two of them were watching cartoons he had asked Calvin if he wanted to see a gun. He testified that Calvin responded in the affirmative, whereupon he (Darold) went into the appellees' bedroom, retrieved the gun from the top drawer of the dresser, and brought it back. He stated that the gun, which was loaded with hollow point bullets, discharged accidentally, without his touching the trigger. As previously indicated, neither of the appellees was home at the time. *Held:*

" 'It is well settled . . . in this state . . . [that] parents are not liable in damages for the torts of their minor children merely because of the parent-child relationship[. W]hen liability exists it is based on

a principal-agent or a master-servant relationship where the negligence of the child is imputed to the parent, or it is based on the negligence of the parent in some factual situation such as allowing the child to have unsupervised control of a dangerous instrumentality.' [Cit.] [Where] the child [is] not pursuing [the parent's] business or acting on [the parent's] behalf at the time the incident occurred, [the parent] cannot be held liable on a theory of agency. 'In cases of this sort the question is whether the facts of the case impose upon the parent a duty to anticipate injury to another through the child's use of the instrumentality.' [Cit.] 'Recovery has been permitted where there was some parental negligence in furnishing or permitting a child access to an instrumentality with which the child likely would injure a third party. [Cits.]' [Cit.]" *Jackson v. Moore*, 190 Ga. App. 329 (378 SE2d 726) (1989).

The trial court determined that the appellees could not be held liable to the appellants on the theory that they had negligently allowed Darold access to a dangerous instrumentality based on the following language from this court's recent decision in *Saenz v. Andrus*, 195 Ga. App. 431, 433 (393 SE2d 724) (1990): " 'In those cases in which the parent did not *furnish* the dangerous instrumentality (but through negligence allowed access thereto) to the child, the standard for imposing liability upon a parent . . . is whether the parent knew of the child's proclivity or propensity *for the specific dangerous activity.* [Cit.]' (Emphasis supplied.) [Cit.]" In *Saenz*, the injured plaintiff had been struck by a butcher knife thrown at him by the defendant's son. A butcher knife is, of course, a common household object which can be found in most kitchens. Although it is obviously possible to use a butcher knife in such a manner that it becomes a dangerous instrumentality, such an object is not inherently likely to inflict serious bodily injury on another person unless it is intentionally used for that purpose or is handled in a reckless and dangerous manner. Thus, we held in *Saenz* that where the defendant's child had never before demonstrated "any propensity whatsoever to throw any type of knife at or near another human being," the defendant could not be held liable for the injury inflicted by the child. Id. 195 Ga. App. at 433.

The result reached in *Saenz* is consistent with that reached in *Mayer v. Self*, 178 Ga. App. 94 (1) (341 SE2d 924) (1986), where we held that a jury issue existed as to the defendants' liability for the conduct of their five-year-old son in striking another child with a golf club, but only because there was evidence that they were aware of a previous incident in which he had hurt someone else with a golf club. In reaching that conclusion, however, we emphasized that "allowing a child unsupervised access to a golf club, without more, would not provide the evidence of parental negligence necessary for a recovery, as was the case where the instrument was a pistol, a shotgun, or a rotary

lawnmower." Id. 178 Ga. App. 95, citing *Muse v. Ozment*, 152 Ga. App. 896 (264 SE2d 328) (1980).

" 'It seems to be generally recognized, as a general principle of law, that one using or handling any instrumentality of an unusual or dangerous character is bound to take exceptional precautions to prevent injury thereby, and that children of tender years and youthful persons generally are entitled to a degree of care proportioned to their ability to foresee and avoid the perils that may be thus encountered.' " *Glean v. Smith*, 116 Ga. App. 111, 114 (156 SE2d 507) (1967). Unlike a butcher knife or a golf club, a loaded firearm may be considered an *inherently* dangerous instrumentality, in that, as demonstrated by this case, it can inflict serious bodily injury by "going off" accidentally. See *Glean v. Smith*, supra at 112 (3). Accordingly, we hold that a jury issue exists in this case as to whether the appellees were negligent in keeping a loaded pistol in their house in a location where it was accessible to their 12-year-old son while he was present there with another child without adult supervision.

*Judgment reversed. Carley and Beasley, JJ., concur.*

DECIDED MAY 28, 1991 —
REHEARING DENIED JUNE 24, 1991 — 

*Calhoun & Associates, Michael A. Lewanski*, for appellants.
*Duffy & Feemster, Dwight T. Feemster*, for appellees.