2037

Tracy Lynn McCALL, by her Guardian Ad Litem, James Timothy McCALL, Appellant v. DHEC (DEPARTMENT OF HEALTH AND ENVIRONMENTAL CONTROL), Respondent.

(432 S.E. (2d) 503)

Court of Appeals

*David N. Truitt* and *Hal J. Warlick*, Easley, *for appellant.*

*William M. Hagood, III*, Greenville, *for respondent.*

Heard Apr. 19, 1993.

Decided June 21, 1993.

BELL, Judge:

On behalf of his daughter, Tracy Lynn McCall, James Timothy McCall brought suit against the Department of Health and Environmental Control for damages resulting from the Department's failure to give Tracy tetanus and polio vaccines and an exemption from diphtheria and pertussis immunizations. McCall complains this alleged breach of duty resulted in medical expenses for a private physician to give the polio vaccine and caused Tracy to miss school, which resulted in her being held back a year. At the close of the evidence, the Department moved for a directed verdict. The trial judge granted the Department's motion, ruling that McCall failed to prove the Department's actions caused damage to Tracy. McCall appeals. We affirm.

On appeal from a grant of a directed verdict, this Court must view all the evidence and the inferences drawn therefrom in the light most favorable to the nonmoving party. *Whelan v. Welch*, 304 S.C. 548, 405 S.E. (2d) 836 (Ct. App. 1991). If the evidence as a whole is susceptible of more than one reasonable inference, a jury issue is created and the motion should have been denied. *Id.* This Court may affirm the judgment of the circuit court on any ground appearing in the record. Rule 220(c), SCACR.

Viewed in the light most favorable to Tracy, the facts are as follows. Tracy entered kindergarten in Pickens County in the 1989 fall semester. Shortly after her admission, school officials informed Tracy's parents that Tracy needed a certificate of immunization to be allowed to stay in school. By state regulation, every child must be immunized for, among other things, polio, diphtheria, pertussis, and tetanus or receive a medical exemption.

Tracy's mother took her to the Pickens County Health Department on September 22 seeking the polio and tetanus vaccines and an exemption from the diphtheria and pertussis immunizations. The mother was understandably concerned about Tracy receiving the diphtheria and pertussis immunizations, because her son had died after receiving an immuniza-

tion. The Department gave Tracy neither the exemption nor the polio and tetanus vaccines. Tracy and her mother returned to the Department on October 6. The mother still wanted an exemption from the diphtheria and pertussis immunizations. However, the mother requested the tetanus and polio vaccines. Tracy again did not receive either the vaccines or the exemption from the Department.

The mother next contacted an attorney. The attorney in turn contacted a doctor at the Department on October 12. The doctor agreed to give Tracy the diphtheria and tetanus immunizations and to exempt her from the pertussis vaccination. Tracy and both her parents went to the Department on that same day. Tracy was not given any shots or an exemption.

The mother next talked with her family physician. On about October 20, the family physician telephoned the same doctor at the Department. As a result of that call, the doctor at the Health Department agreed to give Tracy the polio vaccine and to administer the diphtheria and tetanus immunizations in two consecutive half doses. The family physician informed Tracy's mother that the Department would give the necessary immunizations. The mother called the Department that day, and the person she talked to said that she could pick up the vaccines but would have to get a private physician to administer the shots.

The McCalls did not take Tracy back to the Department that day. Instead, they took her to another private physician on October 31. That physician gave Tracy a polio vaccine, which cost the McCalls $93. Tracy was not given immunizations for diphtheria and tetanus at that visit because she had an abscessed tooth. The physician gave Tracy a temporary exemption, which allowed her to stay in school.

On November 17, school officials informed the McCalls that the temporary exemption had expired. They said Tracy would not be able to remain in school after November 27 if the certificate of immunization was not completed by then. On November 27, the mother wrote a letter to the physician who granted the temporary exemption asking him to make the temporary exemption permanent. The physician refused to grant the permanent exemption, because in his opinion Tracy needed to be immunized for diphtheria and tetanus. The physician's notes indicate that Mr. McCall "would rather not

have any other immunizations." Tracy was withdrawn from school on November 29. Tracy's mother took her to the Department on January 5. She received her diphtheria and tetanus immunizations and was allowed to return to school.

McCall argues the circuit court erred in granting a directed verdict for the Department, because the Department infringed Tracy's legal right to obtain a polio vaccine and to receive an exemption. McCall contends the Department had a duty to administer the vaccine. As authority for his argument, he cites S.C. Code Ann. § 44-29-40, -180 (1985) and 24 S.C. Code Ann. Regs. 61-8 (1991).

We have carefully studied the cited authority. In short, they do not place on the Department a duty to administer vaccines. Rather, the statutes require the Department to supervise the immunization program. *See* Code § 44-29-40. They also require the Department to promulgate regulations concerning the immunization program. *See id.* The regulations that the Department promulgated establish which vaccines a child must have in order to be allowed to attend school. *See* Reg. 61-8 § I, A-D. These regulations also provide that any licensed physician may grant an exemption. The Department is, however, required to provide blank certificates of immunization and exemption.

Generally, there is no common law duty to act. *Jensen v. Anderson County Department of Social Services*, 304 S.C. 195, 403 S.E. (2d) 615 (1991). An affirmative legal duty may be created by statute, contract, status, property interest, or some other special relationship. *Id.* Many statutes impose a duty on public officials to perform certain acts. *Id.* We hold, however, that McCall has failed to demonstrate that the Department had a statutory or regulatory duty to give Tracy the vaccine or an exemption. Because the Department did not have a duty, it follows that the Department did not breach a duty for which it can now be held liable. *See Rayfield v. South Carolina Department of Corrections*, 297 S.C. 95, 374 S.E. 910 (Ct. App. 1988), *cert. denied*, 298 S.C. 204, 379 S.E. (2d) 133 (1989); S.C. Code Ann. § 15-78-40 (Supp. 1992).

Moreover, the Department eventually gave Tracy an exemption from the pertussis vaccine and immunized her for diphtheria and tetanus. There was no evidence presented from which a reasonable inference could be drawn that the

Department would not have also given Tracy the polio vaccine on January 5 if the private physician had not already administered it. The record shows the doctor at the Department gave orders to his nurses to administer the necessary vaccines on October 27. It is uncontradicted from the record that the father resisted any vaccines until at least the end of November. The mother attempted to get a permanent exemption from the diphtheria, pertussis, and tetanus vaccines on November 27. In addition, the mother told her private physician as late as December 4 that she did not want Tracy to have the diphtheria vaccine. Both of the private physicians who examined Tracy refused to give her a permanent exemption from the diphtheria vaccine. The only reasonable inference is that the McCalls finally acquiesced to Tracy receiving the required diphtheria vaccine.

Therefore, the judgment of the circuit court granting a directed verdict in favor of the Department is

Affirmed.

GARDNER, J., and BRUCE LITTLEJOHN, Acting Justice, concur.