2064

Brock DENNIS, By Blanche EVANS, His Guardian Ad Litem, Blanche Evans, individually, Jack Evans, and Sandra Dennis, Appellants v. Randy W. TIMMONS, Jr., Linwood Weeks, and Jenny Weeks, Defendants, of whom Linwood Weeks and Jenny Weeks are Respondents.

(437 S.E. (2d) 138)

Court of Appeals

*Warren G. Newman,* Sumter, *for appellants.*

*William B. Woods* and *Donna M. Seegars,* both of *Brown & Woods,* Columbia, *for respondents.*

*Per Curiam:*

Blanche Dennis, individually and as guardian ad litem for Brock Dennis, brought an action against Randy Timmons, Linwood Weeks and Jenny Weeks, for actual and punitive damages for injuries Brock Dennis received while on the Weeks' property. The trial court directed a verdict in favor of the Weeks, finding the evidence insufficient to support liability based upon negligent supervision and dangerous instrumentality theories. Dennis appeals. We affirm.

Viewing the evidence most favorably for Dennis, the record reveals the following: The Weeks installed underpinning on their mobile home, but overlooked a screwdriver when they put their tools away. The next day, eight-year-old Randy Timmons were playing at the Week's home with Scott and Michael Weeks, who were ten and five years old. Michael

Weeks retrieved the screwdriver from underneath the mobile home and all four boys began playing games with it. After at least thirty minutes, Randy Timmons tossed the screwdriver at Brock Dennis, who was struck in the eye. Brock suffered irreparable damage and the eventual loss of the injured eye.

Dennis brought this action, claiming among other things that the Weeks were liable for Brock's injuries under theories of negligent supervision and liability for maintaining a dangerous instrumentality (the screwdriver). After Dennis presented her evidence, the trial court directed a verdict for the Weeks, finding:

(1) The Weeks were not liable in negligence because Dennis failed to establish the existence of a duty, or, assuming a duty existed, that the Weeks breached such a duty.

(2) As a matter of law the screwdriver was not a dangerous instrumentality, and even if it was, there was no evidence it was entrusted negligently or otherwise to one who was incapable of evaluating its potential for harm if thrown into the air. Additionally, the screwdriver was left where it was not foreseeable that a child would get it.

The trial court accordingly dismissed the action against the Weeks. Dennis appeals, arguing the screwdriver was a dangerous instrumentality under the facts of this case, and that the Weeks were liable in negligence for failing to supervise the children and leaving the screwdriver where the children could get it. We disagree.

This case involves an unfortunate series of events which led to a tragic accident and severe injury to Brock Dennis. However, liability for this harm does not fall on the Weeks. *See Sexton v. Noll Const. Co.*, 108 S.C. 516, 95 S.E. 129 (1918) (a property owner is not an insurer of the safety of children on his premises). We agree that a property owner may owe a heightened duty to children beyond that owed to adult licensees or trespassers where a dangerous instrumentality is involved. *Lynch v. Motel Enterprises, Inc.*, 248 S.C. 490, 494, 151 S.E. (2d) 435, 436 (1966). However, we hold that under the facts and circumstances of this case, the Weeks did not owe such a duty of care.

Some instrumentalities are almost always, if not always, dangerous (such as dynamite) and some objects are almost always non-dangerous (such as a powder puff). *Howell v. Hairston,* 261 S.C. 292, 199 S.E. (2d) 766, 65 A.L.R. (3d) (1973). Many instrumentalities are dangerous or not dangerous because of their use or potential use under the circumstances. *Id.* We hold that a screwdriver is not an instrumentality which is almost always dangerous. A screwdriver is, of course, a common object which can be found in most homes. Although it is obviously possible to use a screwdriver in such a manner that it becomes a dangerous instrumentality, such an object is not inherently likely to inflict serious bodily injury on another person unless it is intentionally used for that purpose or is handled in a reckless and dangerous manner. Unlike the air rifle involved in *Howell,* a screwdriver is not an instrument of dangerous propensities and potentialities. Furthermore, unlike the air rifle in *Howell,* the Weeks did not entrust the screwdriver, negligently or otherwise, to a person who, on account of his youth and want of experience, was incapable of evaluating the dangers incident to its use.

When a person has not furnished the instrumentality but through negligence allowed access thereto to a child, the standard for imposing liability upon the person is whether the person knew of the child's proclivity or propensity for the specific dangerous activity which caused the harm. *See Saenz v. Andrus,* 195 Ga. App. 431, 393 S.E. (2d) 724 (1990) (a parent was held not liable for injuries caused by the parent's child, who threw a butcher knife at another child, even though the parent knew of the child's propensity to throw knives at a wall; there was no evidence the parent knew of the child's proclivity to throw knives at or near human being). If such knowledge cannot be shown on the part of the parent, then liability cannot attach, as a parent is not an insurer that the child will not harm another. *Id. See also Mayer v. Self,* 178 Ga. App. 94, 95, 341 S.E. (2d) 924 at 924 (1986) (the Georgia Court held a jury issue existed as to defendants' liability for the conduct of their 5-year-old son, who struck another child with a golf club, where there was evidence that the parents were aware of a previous incident in which the child had hurt someone else with a golf club; the

Court stated that "allowing a child unsupervised access to a golf club, without more, would not provide the evidence of parental negligence necessary for a recovery, as was the case where the instrument was a pistol, a shotgun, or a rotary lawnmower."). *Compare Jacobs v. Tyson*, 200 Ga. App. 123, 407 S.E. (2d) 62 (1991) (the Court stated "unlike a butcher knife or a golf club, a loaded firearm may be considered an *inherently* dangerous instrumentality, in that it can inflict serious bodily injury by 'going off' accidentally"; a parent may be held liable for negligently allowing a child access to a handgun even though the child had never touched the gun before); *Manuel v. Koonce*, 206 Ga. App. 582, 425 S.E. (2d) 921 (1992) (following *Saenz*, the Court held the parents not liable on theory of negligently allowing access to dangerous instrumentality, where their teenage child, whom they left home alone, obtained alcohol and was subsequently involved in a fatal car accident).

We also agree with the trial court that, under the facts of this case, the Weeks had no legal duty to continuously supervise the children who were playing in their yard. *See Saenz v. Andrus* (the Court stated that the parent was not negligent in simply failing to keep a constant and unremitting watch and restraint over a child). A legal duty is that which the law requires to be done or forborne with respect to a particular individual or the public at large. *Byerly v. Connor*, — S.C. —, 415 S.E. (2d) 796 (1982). Without a violation of such a legal duty, there is no negligence. *Id.*

Generally, there is no common law duty to act. *McCall v. Department of Health and Environmental Control*, — S.C. App. —, 432 S.E. (2d) 503 (1993) (Davis Adv. Sh. No. 17 at 24). Thus, a person usually incurs no liability when he fails to take steps to protect others from harm not created by his own wrongful conduct. *Degenhart v. Knights of Columbus*, — S.C. —, 420 S.E. (2d) 495 (1992). An affirmative legal duty may be created by statute, contract, status, property interest, or some other special relationship. *McCall v. Department of Health and Environmental Control.* Even where there is no duty to act, if an act is voluntarily undertaken, the actor assumes a duty to use due care. *Byerly v. Connor.* We hold that the Weeks were not negligent in simply failing to keep a constant and unremitting watch and restraint

over their children, or over other children with whom their children were playing. *Saenz v. Andrus*. Accordingly, we hold the trial court correctly directed a verdict for the Weeks as to Dennis's claims based in negligence.

In conclusion, we hold there is no evidence that the Weeks furnished or negligently permitted Randy Timmons access to an instrumentality (the screwdriver) with which he would likely injure a third party. There is also no evidence that the Weeks had reason to anticipate that Randy Timmons would take a screwdriver retrieved from under the trailer and throw it at another person, so they had no duty to guard against that specific dangerous activity. Further, they were not negligent in simply failing to keep a constant and unremitting watch and restraint over Randy Timmons, a neighbor's child.

We find the remaining issues Dennis raised in this appeal to be manifestly without merit, and affirm pursuant to Rule 220(b)(2), SCACR. Accordingly, the trial court's order granting the Weeks' motion for directed verdict is

Affirmed.