## A95A1370. JACKSON v. WIMBLEY.
(463 SE2d 48)

RUFFIN, Judge.

Mary Wimbley sued her daughter, Gloria Jackson, for injuries she allegedly received in a fire at Jackson's home. Wimbley alleged that Jackson negligently supervised her four-year-old grandson, whom she knew to have shown an interest in matches or lighters, by leaving such dangerous instruments within the child's reach. The trial court denied Jackson's motion for summary judgment, and we granted her application for interlocutory appeal. For reasons which follow, we reverse.

1. Jackson contends the trial court erred in denying her motion for summary judgment because Wimbley failed to prove that Jackson either provided the child with a dangerous instrument or knew of any proclivity of the child to play with matches. We agree.

Wimbley testified that the firefighters told her the fire started because Jackson's four-year-old grandson was playing with matches. But Wimbley also testified that she had not seen matches around the house and had never seen the child play with matches or a lighter prior to the fire. Although Wimbley argues on appeal, as she apparently did below, that the child had played with a lighter on one occasion two years earlier, the evidence from Gloria Jackson's deposition in that regard was never entered into evidence and made a part of the record. Nonetheless, even had the testimony been part of the record, one isolated instance of this behavior would not constitute a "propensity" for playing with a lighter. See *Saenz v. Andrus*, 195 Ga. App. 431 (393 SE2d 724) (1990). Moreover, Wimbley testified she did not recall the child having an interest in fire.

"In those cases in which the parent did not *furnish* the dangerous instrumentality but through negligence allowed access thereto to the child, the standard for imposing liability upon a parent is whether the parent knew of the child's proclivity or propensity for the specific dangerous activity. If such knowledge cannot be shown on the part of [the parent], then liability cannot attach to her, as a parent is not an insurer that the child will not harm another." (Citations and punctuation omitted.) *Andrus*, supra at 432-433.

In *Andrus*, a child obtained a butcher knife from a kitchen drawer and threw it at a playmate. The mother was aware that her child had previously thrown pocketknives at the living room wall and had instructed him not to use any knife without permission. The mother was also aware of her son's "aggressive tendencies" toward other boys. In upholding summary judgment for the mother, we found that "although [the mother] was on notice of her son's propensity to throw pocketknives against the wall of her house, she was not on notice that her son had any propensity whatsoever to throw any type of

knife at or near another human being . . . [and] she had no duty to guard against it." (Citations and punctuation omitted.) Id. at 433.

The circumstances of the instant case do not establish caretaker negligence because there is no evidence that Jackson furnished her grandson with the matches which apparently caused the fire. Even if the fire was started by a lighter, despite Wimbley's testimony that the firefighters never suggested that possibility, there is no evidence of record that Jackson furnished or permitted her grandson access to a lighter. Most importantly, there is no evidence of record that Jackson's grandson had a propensity for starting fires or that Jackson should have known of any such propensity and guarded against it. Accordingly, the trial court erred in denying Jackson's motion for summary judgment.

2. Based on our holding in Division 1, we need not address Jackson's remaining enumerations of error.

*Judgment reversed. Beasley, C. J., and Pope, P. J., concur.*

DECIDED OCTOBER 10, 1995.

*Swift, Currie, McGhee & Hiers, Lloyd B. Hedrick, Jr., Margaret C. Briggs*, for appellant.

*Kenneth L. Shigley*, for appellee.