## A10A1478. KITCHENS et al. v. HARRIS et al.

(701 SE2d 207)

ANDREWS, Presiding Judge.

This case involves a suit for injuries suffered by Pamela Harris, the 14-year-old child of Melvyn and Rosalie Harris, who was injured while attending a birthday party for her friend, Shannon Kitchens (also age 14), at the residence where Shannon lived with her parents, Tony and Carol Kitchens. While the two girls, along with three other girlfriends of the same age, were left unsupervised at the party for less than an hour, Shannon obtained the key to her parents' all-terrain vehicle (ATV) located at the residence and drove it and provided it for use by her friends. Pamela was seriously injured as a passenger on the ATV when one of Shannon's friends drove it into a tree.

The Harrises, individually and as parents and next friends of Pamela, sued Tony and Carol Kitchens, Shannon Kitchens, and others, seeking recovery for Pamela's injuries. As to Tony and Carol Kitchens, the suit alleged that Pamela's injuries were proximately caused by their negligent failure to provide supervision at the party, and their negligent entrustment of the ATV to a minor child. We granted this interlocutory appeal to address the trial court's denial of the motion for summary judgment brought by Tony, Carol, and Shannon Kitchens. We reverse the denial of the motion as to the claims against Tony and Carol Kitchens because there is an absence of any evidence in the record to support the claims for negligent supervision or negligent entrustment. Although the motion for summary judgment was also brought by Shannon Kitchens, the motion addresses only the claims asserted against Tony and Carol

Kitchens. Accordingly, as to negligence or other claims asserted against Shannon Kitchens, we affirm the denial of the motion. OCGA §§ 51-11-6; 16-3-1.

Parents are not liable for the torts of their minor children merely on the basis of the parent-child relationship. *Jackson v. Moore*, 190 Ga. App. 329 (378 SE2d 726) (1989). Rather, parental liability may be based on a principal-agent relationship where the child's negligence is imputed to the parent, or may be based on circumstances where the parent negligently allows the child to have unsupervised control of a dangerous instrumentality. Id. There is no evidence that Shannon Kitchens acted on behalf of her parents when she obtained the ATV key and provided the ATV for use by her friends, so there is no basis for parental liability to arise from an agency relationship with the child. Parental liability in this case is based on the claim that Tony and Carol Kitchens negligently allowed their child, Shannon, to have unsupervised control of the ATV that she allowed her friends to use. In this case, "the question is whether the facts of the case impose upon the parent[s] a duty to anticipate injury to another through the child's use of the [ATV]." *Corley v. Lewless*, 227 Ga. 745, 748 (182 SE2d 766) (1971); *Jackson*, 190 Ga. App. at 329; *Saenz v. Andrus*, 195 Ga. App. 431, 432-433 (393 SE2d 724) (1990). This is not a case where parental liability could be based on evidence that a parent was negligent by expressly furnishing or permitting the child access to the dangerous instrumentality. *Jackson*, 190 Ga. App. at 329. There is no evidence that Tony or Carol Kitchens furnished the ATV to Shannon or permitted her to use it in their absence. The evidence shows that the parents left the ATV key in a place where Shannon was able to obtain it and thereby use the ATV in their absence. Where there is no evidence that a parent furnished or permitted the child access to the dangerous instrumentality, but there is a claim that the parent negligently allowed the child to take action to gain access, "the standard for imposing liability upon a parent for failing to prevent the child's action is whether the parent knew of the child's proclivity or propensity for the specific dangerous activity." Id. at 330; *Saenz*, 195 Ga. App. at 433; *Bunn v. Landers*, 230 Ga. App. 744, 746-747 (498 SE2d 109) (1998); *Muse v. Ozment*, 152 Ga. App. 896, 898 (264 SE2d 328) (1980). Here, the evidence shows that Shannon's parents told her that she could use the ATV only with their express permission and when they were present. There is no evidence that, prior to the present incident, Shannon had ever used the ATV, or allowed others to use it, without her parents' permission and presence. Because there is nothing in the record to support a claim that Tony or Carol Kitchens knew or should have known that Shannon had a proclivity or propensity to use the ATV, or allow others to use it, without their permission and presence, they

were entitled to summary judgment on the negligent supervision claim. *Jackson*, 190 Ga. App. at 330-331; *Saenz*, 195 Ga. App. at 433. This result is not changed by evidence that Carol Kitchens told Rosalie Harris that she would be at home when the girls were at the party. Even if Carol Kitchens said she would be at home during the party, this did not make her an insurer of the safety of the guests at the party. *Bunn*, 230 Ga. App. at 745. In the absence of evidence that she knew of any proclivity or propensity on Shannon's part for the specific dangerous activity, she was not required to keep a constant watch to guard against possible harm, and she breached no duty by failing to do so. Id. at 745-747. Similarly, in the absence of any evidence that Tony or Carol Kitchens gave permission to Shannon or anyone else at the party to drive the ATV, they were also entitled to summary judgment on the negligent entrustment claim. *Butler v. Warren*, 261 Ga. App. 375, 376-379 (582 SE2d 530) (2003).

*Judgment affirmed in part and reversed in part. Ellington and Doyle, JJ., concur.*

DECIDED SEPTEMBER 1, 2010 — ▮▮▮▮▮▮▮▮

*Hall, Booth, Smith & Slover, Denise W. Spitalnick*, for appellants.

*Hilley & Frieder, Ronald L. Hilley, Mia I. Frieder, Samuel E. Earley, Jr.*, for appellees.