34324.   WORLEY *v*. THE STATE.

Decided November 12, 1952.

196

*Hicks & Culbert*, for plaintiff in error.

*Dan Winn, Solicitor*, contra.

GARDNER, P.J. Was the evidence sufficient to authorize the defendant's conviction under the charges made in the accusation? The accusation charged, in count 1, that the defendant violated the provisions of Code § 68-308, making it the duty of the operator of a motor vehicle on the highways and streets of this State to stop after an accident damaging another automobile and give his name and address, and in count two the defendant was charged with reckless driving in violation of the provisions of the act of 1939 (Ga. L. 1939, pp. 295, 296; Code, Ann. Supp., § 68-9919).

The evidence tended to establish the following facts: The prosecutor was John Redding, Sheriff of Polk County, and he testified that he knew the defendant and Woodrow Beam (claimed to have been in the car with the defendant), and had known them over two years; that, on the night of June 18, 1952, between 12 and 12:30, he saw the defendant Worley and Beam on the Live Oak to Flint Hill Road, a public road in the county; that the defendant was driving a 1951 Mercury car north along the road; that, at the time, the sheriff had the road blocked with his automobile, which was a 1951 Ford; that "the only marking I had on my car to indicate that it was an officer's car were two red blinker lights on the front and a radio aerial on the back"; that he recognized Worley and Beam in the Mercury; that they stopped and then backed up about 25 to 100 yards; and that the damage to the left front

fender and grill of his Ford was "slight." On cross-examination, the sheriff testified: "After they backed up, I pulled off the culvert. I would say I was between 60 and 75 yards off the culvert when they passed by me. I was near the middle of the road when they passed me. I would say that in order to pass me it was necessary for the other car to go part of the way into the ditch. And up to that time, nor at any other time, did I say anything to either one of these boys, nor did Trooper Butler . . . After they passed, I turned around and gave chase. It was sure dark out there that night. However, I had my lights on while we were parked on the culvert. I left both the red lights and headlights on." The witness further stated that the defendant and Beam knew him, but that he did not know whether they recognized him on this occasion, and that both he and the trooper, when the Mercury stopped, got out of the Ford and started toward it, and that both officers were in plain clothes.

State Trooper Butler testified that he knew Beam and also knew the defendant; that he was with Sheriff Redding on the night of June 18, 1952, on the Live Oak to Flint Hill Road, and that the defendant and Beam in the Mercury came up and stopped because he and the sheriff had the road blocked. He testified that the defendant's car backed about 75 yards and then passed around the sheriff's car, striking it. He further testified that nothing was said to the occupants of the Mercury, and that, "If we had not had the road blocked, this Mercury would have passed on without any difficulty. . . Since we had the road blocked, they couldn't pass."

It appeared from the evidence that the officers had no warrant for the arrest of either Beam or the defendant. The foregoing is substantially the testimony on which the jury based their verdict.

There is no evidence of speeding, and it did not appear that the defendant on this occasion operated his automobile in a wilful and wanton manner and so as to endanger the lives and property of others. The evidence was that the defendant upon finding the road blocked endeavored to pass around the automobile blocking the road, which necessitated his driving partly into the ditch, and that in so doing he "slightly" damaged the

car of the sheriff, which was blocking the road, when his automobile scraped against the left front fender and grill of the sheriff's car. The defendant did not stop, but continued north along said Live Oak to Flint Hill Road. The sheriff created the situation that brought about this occurrence, and the defendant or the driver of his car was justified in deeming it unsafe to stop under these circumstances. The driver of the Mercury stopped when he found the road blocked. When he saw two men, not in uniform, get out and come toward him, he backed up, and then in order to pass around the car ahead, which was blocking the road, he had to go partly into the ditch and scraped against the left front fender and grill of the sheriff's car, slightly damaging the same.

It does not appear that the driver of the Mercury knew that he had scraped the fender of the sheriff's car. There was nothing to indicate that this was the car of a peace officer. Neither the sheriff nor the State trooper when they got out and started towards the Mercury, nor at any other time, informed the driver that they were officers of the law. They said nothing to the defendant. They were not in uniform. In these circumstances, we do not feel that the evidence is sufficient to sustain a conviction of the defendant under the accusations in either count. See *Lancaster* v. *State*, 83 *Ga. App.* 746 (64 S. E. 2d, 902) and *Riggs* v. *Watson*, 77 *Ga. App.* 62, 65 (47 S. E. 2d, 900), as somewhat analogous. The facts present in the instant case are not at all similar to those in *Newmans* v. *State*, 65 *Ga. App.* 288 (16 S. E. 2d, 87), as a casual reading will show.

It follows that the evidence did not support the verdict and that the trial judge erred in overruling the defendant's motion for a new trial.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*