## 77830. JACKSON v. MOORE.
(378 SE2d 726)

POPE, Judge.

Plaintiff Elfrem Keith Moore was struck by an automobile driven by defendant Cecil Adams, a minor, as Moore was riding his bicycle on a two-lane road. The record shows Cecil Adams was sixteen years old at the time of the incident and had no driver's license. He stole the keys to his mother's car out of her purse while she was in the shower and drove the car to get something to eat. Adams' mother, defendant Linda Jackson, had expressly instructed her son not to drive her car and had never given him permission to do so. Plaintiff brought an action for personal injury and property damage against Adams and Jackson. We granted Jackson's application for interlocutory appeal of the trial court's denial of her motion for summary judgment.

"It is well settled that by common law and in this state unless changed by statute, parents are not liable in damages for the torts of their minor children merely because of the parent-child relationship, when liability exists it is based on a principal-agent or a master-servant relationship where the negligence of the child is imputed to the parent, or it is based on the negligence of the parent in some factual situation such as allowing the child to have unsupervised control of a dangerous instrumentality." *Hill v. Morrison*, 160 Ga. App. 151 (286 SE2d 467) (1981). Because the child was not pursuing his mother's business or acting on her behalf at the time the incident occurred, she cannot be held liable on a theory of agency. "In cases of this sort the question is whether the facts of the case impose upon the parent a duty to anticipate injury to another through the child's use of the instrumentality." *Corley v. Lewless*, 227 Ga. 745, 748 (182 SE2d 766) (1971).

"Recovery has been permitted where there was some parental negligence in furnishing or permitting a child access to an instrumentality with which the child likely would injure a third party. *Davis v. Gavalas*, 37 Ga. 242 (139 SE 577) [(1927)] (velocipede); *Faith v. Massengile*, 104 Ga. App. 348 (121 SE2d 657) [(1961)] (BB gun); *Herrin v. Lamar*, 106 Ga. App. 91 (126 SE2d 454) [(1962)] (rotary lawnmower);

*Glean v. Smith*, 116 Ga. App. 111 (156 SE2d 507) [(1967)] (pistol); *McBerry v . Ivie*, 116 Ga. App. 808 (159 SE2d 108) [(1967)] (shotgun)." *Corley v. Lewless* at 748. In the case now before us, the mother did not furnish or permit the child access to her car. In fact, she expressly instructed him not to drive it. Nevertheless, plaintiff Moore argues that defendant Jackson could be found negligent by a jury for leaving her keys in a place accessible to the child. The record shows the keys were left in her purse on a chair in the dining room while she went to another room to take a shower. In those cases in which the parent did not furnish the dangerous instrumentality to the child, the standard for imposing liability upon a parent for failing to prevent the child's action is whether the parent knew of the child's proclivity or propensity for the specific dangerous activity. See, e.g., *Dent v. Smith*, 172 Ga. App. 90 (322 SE2d 100) (1984) (the parent was entitled to summary judgment when there was no evidence that the child had any proclivity or propensity for playing with a BB gun); *Salter v. Roan*, 161 Ga. App. 227 (291 SE2d 46) (1982) (where there was no evidence that the child had any proclivity or propensity for playing with lighters or matches or setting fire, no parental negligence was shown by the fact that the parent left a cigarette lighter on the counter and went into another room); *Muse v. Ozment*, 152 Ga. App. 896 (264 SE2d 328) (1980) (the father was entitled to summary judgment where the evidence showed he did not know of any proclivity of the son for obtaining a golf club out of an unlocked storage building and swinging it in the presence of others); *Scarboro v. Lauk*, 133 Ga. App. 359 (3) (210 SE2d 848) (1974) (parents were entitled to summary judgment where it was undisputed that they did not know of any previous occurrence of rock throwing or similar activity on the part of their son).

Here, defendant Jackson was aware that her son had a juvenile record (burglary, shoplifting and conspiracy to commit theft). He told her he could drive a car, but she had never known him to drive. Though defendant knew of her son's previous acts of delinquency, she denied knowing that he had ever driven a car and there is no evidence that he had previously taken the keys from her purse. No evidence was presented that defendant Jackson knew of any proclivity or propensity on the part of her son for the specific dangerous activity which allegedly caused plaintiff's injuries. Therefore, no issue of Jackson's negligence is presented for the jury.

Plaintiff amended his complaint to allege that defendant Jackson is liable for property damage resulting from her son's acts pursuant to OCGA § 51-2-3. Said statute imposes limited liability upon a parent for the "willful or malicious acts" of her child. Plaintiff alleged that defendant Adams violated OCGA § 40-6-390 by driving the vehicle with "reckless disregard for the safety of others." Thus, he argues

that an issue of fact remains as to whether defendant Jackson is statutorily liable for her son's reckless driving. We disagree that the evidence presents an issue as to whether the son's acts were reckless. Here, there was no evidence that the son was driving at an excessive speed or otherwise endangering others on the road. Cf. *Landers v. Medford*, 108 Ga. App. 525 (133 SE2d 403) (1963) (where the petition alleged that a minor child was driving without a license at an excessive rate of speed on the wrong side of the road, it was sufficient to withstand the demurrer of the mother to the plaintiff's claim for statutory liability for the wilful and wanton acts of her child). According to the undisputed testimony of the son, he swerved to avoid striking the plaintiff who was weaving from one side of the lane to the other on his bicycle.

The undisputed evidence shows plaintiff may not recover against defendant Jackson either in negligence or for statutory liability for her son's acts. Consequently, the trial court erred in denying her motion for summary judgment.

*Judgment reversed. McMurray, P. J., and Benham, J., concur.*

DECIDED FEBRUARY 15, 1989.

*Adele P. Grubbs*, for appellant.
*Rand & Ezor, Kenneth I. Behrman*, for appellee.