A89A1899. GELLNER et al. v. ABRAMS et al.
A89A1900. ABRAMS v. GELLNER et al.
A89A1901. VANDIVER v. GELLNER et al.
(390 SE2d 666)

BANKE, Presiding Judge.

Molly Abrams instituted a wrongful-death action against Mr. and Mrs. Richard Gellner, Jr., individually and as guardians of their minor son, Richard Gellner III, to recover for the loss of her daughter, Abigail, who had been attacked and killed by Richard. Abigail's father, Robert Vandiver, was allowed to intervene in the action as a co-plaintiff. The case is before us pursuant to our grant of an interlocutory appeal from the denial of Mr. and Mrs. Gellner's motion for summary judgment on the issue of their personal liability. The plain-

tiffs have filed cross-appeals, seeking to overturn a ruling by the trial court that the Gellners could not be considered guilty of negligence per se in connection with the homicide on the basis of evidence that they had violated Georgia's statutory prohibitions against child abuse with respect to their treatment of Richard.

At the time of the incident, Richard was 15 years of age and had just finished performing yard work at the decedent's home. According to his own account of the incident, he entered her house to use the phone, saw her in a "short" bathrobe and became sexually excited. When she resisted his advances, he brutally attacked and killed her. He thereafter pled guilty but mentally ill to an indictment for murder and was sentenced to life imprisonment. *Held*:

1. "It is well settled that by common law and in this state unless changed by statute, parents are not liable in damages for the torts of their minor children merely because of the parent-child relationship[. W]hen liability exists it is based on a principal-agent or a master-servant relationship where the negligence of the child is imputed to the parent, or it is based on the negligence of the parent in some factual situation such as allowing the child to have unsupervised control of a dangerous instrumentality." *Hill v. Morrison*, 160 Ga. App. 151 (286 SE2d 467) (1981).

The Gellners are not alleged to be liable to the plaintiffs on the theory that their son was acting on their behalf at the time of the incident or was using a dangerous instrumentality furnished by them, but are alleged to be liable simply for failing to anticipate and prevent his violent behavior. "[T]he standard for imposing liability upon a parent for failing to prevent the child's action is whether the parent knew of the child's proclivity or propensity for the *specific dangerous activity*." (Emphasis supplied.) *Jackson v. Moore*, 190 Ga. App. 329, 330 (378 SE2d 726) (1989).

The Gellners averred without contravention in affidavits submitted in support of their motion for summary judgment that their son had not, to their knowledge, displayed any violent or vicious propensities prior to his attack on the decedent. Although he was treated at a psychiatric hospital following the murder, such after-the-fact evidence clearly does not prove prior knowledge by them of his potential for violence. See *Dunaway v. Kaylor*, 127 Ga. App. 586 (194 SE2d 264) (1972).

In *Jackson v. Moore*, supra, this court reversed a denial of summary judgment to a parent who was being sued for injuries inflicted by her 16-year-old son while driving her car without her permission. The evidence in that case showed that the son had taken the keys to the car from the defendant's purse without her knowledge. We held that a fact issue as to the defendant's awareness of her son's propensity to steal cars was not created by her awareness that he had a juve-

nile record for such offenses as burglary, shoplifting, and conspiracy to commit theft.

In the present case, there is no evidence of record which controverts the Gellners' testimony that they were without prior knowledge of any tendency or proclivity on their son's part to engage in the sort of violent behavior which resulted in the decedent's tragic death. Accordingly, we must conclude that their motion for summary judgment should have been granted.

2. In their cross-appeals, the plaintiffs contend that the Gellners may be considered guilty of negligence per se under the theory that they caused their son to become mentally ill by engaging in child abuse and cruelty towards him in contravention of OCGA §§ 19-14-1 and 16-5-70. However, in order for the violation of a statute to constitute negligence per se, the injured person must fall within the class of persons the statute was intended to protect, and the harm complained of must be the type of harm the statute was intended to guard against. *Central Anesthesia Assoc. v. Worthy*, 173 Ga. App. 150, 153 (325 SE2d 819) (1984), aff'd 254 Ga. 728 (1985). See also *Gulf Oil Corp. v. Stanfield*, 213 Ga. 436, 437 (99 SE2d 209) (1957). The Gellners' alleged abuse of their son clearly violated no statutory duty owed by them *to the decedent*. We accordingly hold that the trial court was correct in granting their motion for summary judgment on this issue.

*Judgment reversed in Case No. A89A1899. Judgment affirmed in Case Nos. A89A1900 and A89A1901. Sognier and Pope, JJ., concur.*

DECIDED FEBRUARY 9, 1990.

*Downey, Cleveland, Parker & Williams, Y. Kevin Williams*, for Gellners.

*James H. Lewis*, for Abrams.

*Thomas M. West*, for Vandiver.