A90A1158. MOORE v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.
(397 SE2d 127)

SOGNIER, Judge.

Elfrem Keith Moore appeals from the trial court's entry of judgment against him and in favor of his uninsured motorist carrier, State Farm Mutual Automobile Insurance Company, after a jury had returned a verdict awarding Moore damages in his suit against Cecil Adams.

The record reveals that appellant brought suit against Adams, Adams' mother Linda Jackson, and Robert Dorsey to recover damages incurred when, while riding a bicycle, he was struck by a car

driven by Adams (then a minor), owned by Dorsey, and insured under a policy issued to Dorsey by Safeway Insurance Company. Appellant served appellee pursuant to OCGA § 33-7-11 (d), and appellee filed an answer in its own name. After initial discovery, Dorsey was voluntarily dismissed and Jackson moved for summary judgment. In *Jackson v. Moore*, 190 Ga. App. 329 (378 SE2d 726) (1989), this court reversed the denial of Jackson's motion for summary judgment and held that Jackson was not liable to appellant because the record showed clearly that Adams, who did not have a driver's license, stole the car keys from his mother's purse while she was in the shower and drove the car although his mother had never given him permission to drive it, and indeed had expressly instructed him not to do so. After the trial court granted summary judgment to Jackson pursuant to this court's opinion, Safeway, which had been defending the suit under a reservation of rights, instructed the attorney representing Adams (then the sole defendant) to withdraw.

When the case came to trial, appellee moved in limine, pursuant to *Moss v. Cincinnati Ins. Co.*, 154 Ga. App. 165 (268 SE2d 676) (1980), to have the trial court determine as a matter of law that, as appellant's uninsured motorist carrier, it was not responsible to appellant for any damages awarded by the jury up to $15,000 (the limits of the Safeway policy), because the car driven by Adams was not uninsured. Appellee argued that Safeway had not "legally denied coverage" within the meaning of OCGA § 33-7-11 (b) (1) (D) (iii) in that it had not filed a declaratory judgment action to adjudicate coverage in compliance with the procedure set forth in *Richmond v. Ga. Farm Bureau &c. Co.*, 140 Ga. App. 215 (231 SE2d 245) (1976). After a hearing, the trial court granted appellee's motion, and the case proceeded to trial. The jury returned a verdict in favor of appellant for $130 property damages, $7,500 compensatory damages, and $2,500 punitive damages. Pursuant to the jury's verdict, the trial court entered judgment for appellant and against Adams. In addition, although Safeway was not a party to this action, the trial court entered judgment for appellee against appellant, specifically finding that the Safeway policy was applicable to the damages awarded appellant and agreeing with appellee that it need not pay appellant for the damages.

Appellant contends the latter ruling was erroneous. We agree and reverse. We need not decide whether Safeway's failure to file a declaratory judgment action regarding coverage under the liability policy after our holding in *Jackson*, supra, rendered its actions insufficient under *Richmond* to satisfy the statute's requirement of a *legal* denial of coverage, because the record reveals that the policy issued by appellee does not track the statutory language. Whereas OCGA § 33-7-11 (b) (1) (D) (iii) provides that a vehicle is uninsured only when there is "liability insurance in existence but the insurance company

writing the insurance has *legally* denied coverage under its policy" (emphasis supplied), the State Farm policy omits the word "legally" and requires only that "the insuring company den[y] coverage" in order to trigger uninsured motorist coverage. It is undisputed that Safeway denied coverage on the basis that Adams had used the car without permission, and that it notified appellant, as well as its insureds, of that denial, and thus, in this situation, the plain meaning of the unambiguous provision of the State Farm policy is that uninsured motorist coverage is provided under the policy.

"Under basic principles of contract law it is axiomatic that, as long as the provisions of a given contract are in compliance with the requirements of governing statutes, the parties to the contract may include provisions different from, or more liberal than, those prescribed in the statute or statutes. In the case *sub judice* we have an instance of just such an exercise of the freedom to contract." *Jones v. Barnes*, 170 Ga. App. 762, 764-765 (318 SE2d 164) (1984) (physical precedent only); see also *Brown v. Five Points Parking Center*, 121 Ga. App. 819, 821-822 (1) (b) (175 SE2d 901) (1970). No innocent persons will be penalized here because the insurer undertook to provide uninsured motorist coverage when the statute did not require it to do so, and accordingly, the policy provision is not void as against public policy. See generally *Southern Guaranty Ins. Co. v. Preferred Risk Mut. Ins. Co.*, 257 Ga. 355, 356 (359 SE2d 665) (1987).

We note that courts in other states, construing identical statutory language, have found the language in the State Farm policy controlling despite the more restrictive statutory language, see, e.g., *State Farm Mut. Auto. Ins. Co. v. Talley*, 329 S2d 52 (S.Ct. Miss. 1976); *Boulnois v. State Farm Mut. Auto. Ins. Co.*, 286 S2d 264 (Fla. App. 1973), reasoning that the parties were free to contract as to uninsured motorist coverage as they wished, as long as the coverage required by statute was not diminished. *Talley*, supra at 54; *Boulnois*, supra at 267.

Therefore, because the language in the State Farm policy provided more liberal uninsured motorist coverage than OCGA § 33-7-11 (b) (1) (D) (iii), when Safeway denied liability coverage, appellee was contractually obligated to proceed as if the vehicle driven by Adams were "uninsured."

We agree with appellant that Safeway is not estopped from denying coverage. Safeway's failure to defend Adams in this suit constitutes its waiver of the opportunity to contest Adams' negligence. It does not, however, constitute a waiver of its right to deny coverage. See *McCraney v. Fire &c. Ins. Co. of Conn.*, 182 Ga. App. 895, 896 (357 SE2d 327) (1987). Accordingly, because Safeway denied coverage, appellee must be responsible for paying the damages awarded appellant in this action (except for the punitive damages, see *Roman v.*

*Terrell*, 195 Ga. App. 219 (393 SE2d 83) (1990)) cert. denied April 18, 1990, and that portion of the trial court's judgment which states otherwise must be reversed.

*Judgment affirmed in part and reversed in part. Carley, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 4, 1990.

*Rand & Ezor, Kenneth I. M. Behrman, Samuel S. Olens*, for appellant.

*Gary Cooper*, for appellee.