A91A2052. DUNCAN v. THE STATE.

(415 SE2d 7)

BEASLEY, Judge.

Appellant was convicted of reckless driving in violation of OCGA § 40-6-390 (a), which provides: "Any person who drives any vehicle in reckless disregard for the safety of persons or property commits the offense of reckless driving." He challenges the sufficiency of the evidence.

The facts, as stipulated by the parties, are as follows: Three Glynn County police officers were conducting a roadblock on Georgia Highway 25, a two-lane highway, stopping traffic in both directions. Three marked police cars with the police lights activated were in position. Each officer was in uniform and wearing an orange safety vest. The area was lighted by a generator.

At approximately 12:15 a.m., appellant approached the roadblock driving in a northerly direction in a Ford van with the headlights flashing. There were automobiles stopped in the northbound lane. Appellant moved into the southbound lane and did not stop or slow down for the roadblock, although the officers were yelling at him and motioning him to stop. At least one officer shined a flashlight at him. As appellant passed the roadblock, one officer observed two red lights flashing in the rear window of his van. Another officer testified that appellant scared him, as he approached "at a high rate of speed," and he had to get out of appellant's way to avoid being hit. The third officer got into his patrol car and pursued appellant, who stopped and said he was a volunteer fireman en route to a fire. The officer allowed appellant to continue on his way but instructed appellant to contact him later either at the roadblock or the police station. Appellant stopped at the roadblock after the fire was extinguished. He was cited for "reckless driving" and "unauthorized red flashing lights." A jury convicted him of the former offense and acquitted him of the latter.

Appellant testified that he neither reduced his speed nor accelerated when he approached the roadblock, and he was not exceeding the speed limit. An officer testified that appellant was exceeding the speed limit when he approached the roadblock.

As authority in support of his position, appellant cites *Jackson v. Moore*, 190 Ga. App. 329 (378 SE2d 726) (1989) and *Worley v. State*, 87 Ga. App. 195 (73 SE2d 229) (1952). In *Worley*, two law enforcement officers who were out of uniform and driving an unmarked car set up a roadblock. Without identifying themselves as officers, they began walking toward the defendant's car after he stopped for the roadblock. The defendant proceeded onward. In order to pass the sheriff's unmarked car, he had to go partly in a ditch, and he scraped the sheriff's car as he was going by it. The evidence was held insufficient to support a conviction of reckless driving.

In *Jackson*, an unlicensed minor driving an automobile struck a child riding a bicycle on a two-lane road. It was undisputed that the minor swerved to avoid striking the child, who was weaving from one side of the lane to the other on his bicycle, and "there was no evidence that the [minor] was driving at an excessive speed or otherwise endangering others on the road." *Jackson*, supra at 331.

In contrast, there is evidence that appellant was driving at an excessive speed and endangering others on the road. He has made no showing that he was legally authorized to operate his car at an excessive speed in disregard of a police roadblock. When viewed in a light most favorable to the verdict, the evidence was sufficient to authorize a rational trier of fact in finding appellant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Carley, P. J., and Judge Arnold Shulman concur.*

DECIDED JANUARY 7, 1992.

*Alan D. Tucker*, for appellant.
*Richard H. Taylor, Solicitor*, for appellee.

