A93A2101. HAWKINS et al. v. SKELLY.
(441 SE2d 439)

COOPER, Judge.

Plaintiff Richard Hawkins, John Skelly, and Kevin Bassinger, all minors under the age of 13, were playing baseball with a plastic bat in the back yard of Kevin's house. John threw the ball to Kevin, who hit it with the bat into the bushes. While Richard was retrieving the ball, Kevin asked John to throw him a rock at which Kevin swung and missed. John threw Kevin another rock which Kevin hit. The rock ricocheted off a tree and hit Richard in the eye. Plaintiffs, Richard and his parents, brought a lawsuit against John III, Kevin and their fathers to recover damages for Richard's injuries. John III's father filed a motion for summary judgment which was granted by the trial court, and plaintiffs appeal from that order.

"It is well settled that by common law and in this state unless changed by statute, parents are not liable in damages for the torts of their minor children merely because of the parent-child relationship, when liability exists it is based on a principal-agent or a master-servant relationship where the negligence of the child is imputed to the parent, or it is based on the negligence of the parent in some factual situation such as allowing the child to have unsupervised control of a dangerous instrumentality." (Citation and punctuation omitted.) *Jackson v. Moore,* 190 Ga. App. 329 (378 SE2d 726) (1989). At the time of the accident, John III was playing baseball with two of his friends and was not engaged in any activity on behalf of his father.

Since there is no issue of principal-agent or master-servant, defendant's liability, if any, must be based on "some factual situation such as allowing [John III] to have unsupervised control of a dangerous instrumentality." *Jackson,* supra.

In support of his motion for summary judgment, defendant submitted his own affidavit in which he stated that he gave his son permission to go to Kevin's house, that he provided neither the bat nor the rocks used in the accident and that prior to the accident he had no knowledge that his son had ever engaged in any similar type activity involving playing baseball with rocks. In opposition to defendant's motion for summary judgment, plaintiff Estrella Hawkins, Richard's mother, submitted an affidavit in which she opined that children who do not receive adequate training and supervision in the game of baseball do not appreciate the dangers of hitting a rock instead of a baseball. Plaintiffs also submitted the affidavit of John Neff, one of defendant's neighbors, who stated that prior to the accident involving Richard, John III had threatened to squirt Neff's son with a "super soaker" squirt gun. Neff also stated that he had seen John III throw rocks like baseballs so that another child could hit them. "Although recovery is permitted where through parental negligence a child *is permitted access* to an instrumentality which, if not properly used, is foreseeably likely to cause injury to a third person, this does not make the parent liable for an injury negligently inflicted by a child where there is no dangerous proclivity known to the former and no reason to anticipate the injury which in fact occurred. . . . In cases of this sort the question is whether the facts of the case impose upon the parent a *duty to anticipate* injury to another through the child's use of the instrumentality." (Citations and punctuation omitted.) *Saenz v. Andrus,* 195 Ga. App. 431, 432-433 (2) (393 SE2d 724) (1990). Plaintiffs contend that Neff's affidavit establishes that John III had engaged in the activity of playing baseball with rocks and further argue that defendant could have known of this activity if he had properly supervised John III. "The onus [of a parent's] responsibility has been limited to such instances where the parent has taken some active part in the creation of the danger. A failure to supervise or regulate the play is not such an active part, because in our society strict control of children is today so rare that its absence is no indication of a lack of reasonable care." (Citation and punctuation omitted.) *Assurance Co. of America v. Bell,* 108 Ga. App. 766, 774 (4) (134 SE2d 540) (1963). Defendant's uncontroverted affidavit reveals that he furnished neither the baseball bat nor the rocks used to inflict the injury on Richard. Moreover, plaintiffs have produced no evidence that defendant knew of his son's proclivity to engage in the activity which caused the injury. Accordingly, we conclude that under the applicable authority, the trial court properly granted summary judgment to defendant.

*Judgment affirmed. Beasley, P. J., and Smith, J., concur.*

DECIDED FEBRUARY 8, 1994 —
RECONSIDERATION DENIED MARCH 3, 1994 —

*O. Wayne Ellerbee*, for appellants.
*Young, Clyatt, Turner, Thagard & Hoffman, F. Thomas Young, Sherry S. Harrell, William R. Folsom*, for appellee.