### A01A1307. TOWNSEND v. THE STATE.
(553 SE2d 628)

PHIPPS, Judge.

Tommy Mario Townsend appeals his convictions for obstruction of an officer, reckless driving, two counts of aggravated assault on a police officer, leaving the scene of an accident, and two counts of theft by receiving stolen property. He contests the sufficiency of the evidence and the court's failure to give a requested jury charge. Because we find that the evidence was sufficient and that the requested jury charge was given, we affirm.

On appeal, we view the evidence in a light most favorable to the verdict, and an appellant no longer enjoys a presumption of innocence.[1] This court determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*[2] and does not weigh the evidence or determine witness credibility.[3] Conflicts in the evidence are for the jury to resolve.[4]

The evidence showed that around 1:00 p.m. on December 1, 1999, a security officer of an apartment complex received a report of suspicious activity in the parking lot behind one of the apartment buildings and called the police. Police Officer Henry responded. When she and the security officer went to the area, they saw two men working on and exchanging parts between a green Honda and a blue Honda. The cars were not parked in marked spaces, but were parked "end to end" in the driving area of the lot. The security officer did not recognize either car.

When Police Officers Stephens and Flaherty and other officers arrived as backup, they approached the parking area from opposite ends of the apartment building. From approximately 30 to 50 feet

---

[1] *Patterson v. State*, 225 Ga. App. 515 (484 SE2d 317) (1997).
[2] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[3] *Patterson*, supra, 225 Ga. App. at 515.
[4] Id.

away, Officer Henry motioned for the two men to approach her police vehicle. One of the men jumped into the green Honda, and the other man jumped into the blue Honda. They fled in different directions.

Officers Stephens and Flaherty were walking around the building when the green Honda came from behind it. The officers motioned for the driver to stop and yelled, "police . . . stop." Instead, the driver aimed the car at the officers and accelerated. The officers jumped to their safety. Traveling at approximately 50 mph, the driver hit a curb, became airborne, then struck the blue Honda, "totaling" the green Honda. Both men fled on foot. Officer Flaherty chased the driver of the green Honda, but did not apprehend him.

At trial, Officer Stephens stated that he could see the driver of the green Honda through the driver's door window, which although slightly tinted was rolled down about five or six inches. He identified Townsend as the driver. Officer Flaherty testified that he also observed the driver's face as the car came within a couple of feet of him and during the ensuing foot pursuit as the assailant looked back a few times. He also identified Townsend.

Townsend's fingerprint was found on the exterior passenger rear window of the green Honda. A police check of the car's vehicle identification number showed that the car belonged to someone else, and the owner testified that his car had been stolen around Thanksgiving of 1999. The car's ignition switch had been forcefully removed from the steering column, allowing a driver to start the car without a key. And the tag affixed to the car was not the correct one, but one stolen from another Honda.

1. The evidence was sufficient to authorize a jury to find Townsend guilty beyond a reasonable doubt of obstruction of an officer,[5] reckless driving,[6] two counts of aggravated assault (upon police officers),[7] leaving the scene of an accident,[8] and two counts of theft by receiving stolen property (car and tag).[9]

2. Although Townsend argues otherwise, the trial court did not refuse to give his requested charge on "bare suspicion."

*Judgment affirmed. Smith, P. J., and Barnes, J., concur.*

---

[5] OCGA § 16-10-24; see *Overand v. State*, 240 Ga. App. 682-683 (1) (523 SE2d 610) (1999); *Tuggle v. State*, 236 Ga. App. 847, 849 (2) (512 SE2d 650) (1999).

[6] OCGA § 40-6-390; see *Duncan v. State*, 202 Ga. App. 456-457 (415 SE2d 7) (1992).

[7] OCGA § 16-5-21 (a) (2); see *Butler v. State*, 196 Ga. App. 706, 708 (1) (a) (396 SE2d 916) (1990).

[8] OCGA § 40-6-270 (c) (1).

[9] *Jackson*, supra, 443 U. S. 307; OCGA § 16-8-7 (a); see *Abner v. State*, 196 Ga. App. 752, 753 (1) (397 SE2d 36) (1990).

DECIDED AUGUST 6, 2001.

*Robert H. Suttles*, for appellant.

*Robert E. Keller, District Attorney, Staci L. Guest, Assistant District Attorney*, for appellee.