A02A0932. GARCIA v. GREPLING et al.
(561 SE2d 868)

PHIPPS, Judge.

Anthony Garcia was severely injured after Charles Grepling and Kevin Lanterman attacked him without provocation at a high school

party. As a result, Garcia brought this action against Grepling and Lanterman seeking a recovery of damages for injuries sustained in the assault. Garcia also named Grepling's father as a defendant, charging him with liability under a theory of negligent supervision of his minor son. The trial court awarded summary judgment to Grepling's father, finding insufficient evidence to support imposition of liability against him under the above theory. We agree and affirm.

> "It is well settled that by common law and in this state unless changed by statute, parents are not liable in damages for the torts of their minor children merely because of the parent-child relationship[;] when liability exists it is based on a principal-agent or a master-servant relationship where the negligence of the child is imputed to the parent, or it is based on the negligence of the parent in some factual situation such as allowing the child to have unsupervised control of a dangerous instrumentality." [Cit.][1]

" 'Recovery has been permitted where there was some parental negligence in furnishing or permitting a child access to an instrumentality with which the child likely would injure a third party. [Cits.]' [Cit.]"[2] "In those cases in which the parent did not furnish the dangerous instrumentality to the child, the standard for imposing liability upon a parent for failing to prevent the child's action is whether the parent knew of the child's proclivity or propensity for the specific dangerous activity. [Cits.]"[3]

In this case, it is undisputed that Grepling's father neither furnished him with, nor permitted him access to, any dangerous instrumentality with which to commit the assault upon Garcia. Garcia's argument is that the father may be held liable because he was put on notice of a dangerous proclivity or propensity by his son to commit such an assault. According to Garcia, such notice was provided to the father as a result of two prior incidents resulting in his son's suspension from school. In our opinion, the undisputed facts underlying the two prior incidents were insufficient to charge Grepling's father with knowledge of a propensity to engage in the "specific dangerous activity" resulting in Garcia's injuries. Both Grepling and another student involved in the first incident were suspended from school after the

---

[1] *Jackson v. Moore*, 190 Ga. App. 329 (378 SE2d 726) (1989).

[2] Id. at 329-330.

[3] Id. at 330; see *Gellner v. Abrams*, 194 Ga. App. 455, 456 (1) (390 SE2d 666) (1990); but compare *Smith v. Brooks*, 247 Ga. App. 831 (545 SE2d 135) (2001) (indicating that parents may be held liable for the torts of their minor child where they knew of the child's proclivity or propensity for the specific dangerous activity *and* through negligence either furnished a dangerous instrumentality to the child or allowed the child access to it).

other student challenged Grepling to a fight which he accepted by knocking the other student to the ground and then walking away. In the second incident, Grepling was suspended for pushing one student, spitting on another, and using foul language and inappropriate gestures during the taping of a video for a student project. Because these incidents consisted of rather typical schoolyard altercations in which no one complained of any injuries, knowledge of them was insufficient to charge the father with vicarious liability for the tortious conduct of his son here.

Because the undisputed facts of this case entitle Grepling's father to judgment as a matter of law, the trial court did not err in granting his motion for summary judgment.

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED MARCH 12, 2002.

*Devlin & Robinson, Marvin A. Devlin, Rebecca C. Smith,* for appellant.

*Carter & Ansley, Keith L. Lindsay, Robert Altman,* for appellees.