S04G1388. GORDON et al. v. ATLANTA CASUALTY COMPANY.
(611 SE2d 24)

THOMPSON, Justice.

We granted a writ of certiorari to the Court of Appeals in *Atlanta Cas. Co. v. Gordon,* 266 Ga. App. 666 (598 SE2d 70) (2004), to determine whether Georgia's uninsured motorist statute requires an insurer to pay damages for the death of an insured's son when the insured's son is not a "covered person" under the terms of the insurance policy. We hold that the uninsured motorist statute does require an insurer to pay damages under these circumstances. Accordingly, we reverse the judgment of the Court of Appeals.

Atlanta Casualty Company issued an automobile insurance policy to James M. O'Neal, Sr. The policy provided the insured with uninsured motorist coverage for bodily injury or property damage "sustained by a covered person and caused by an accident."

The insured's son, James M. O'Neal, Jr., was killed in an automobile accident when he was struck by an uninsured motorist. At the time of his death, the insured's son was living with his mother because his mother and father were separated. The parents sued the uninsured owner and driver for the wrongful death of their son; they served Atlanta Casualty as the uninsured motorist carrier.

Atlanta Casualty moved for summary judgment, asserting the insured's son was not a covered person under the insurance policy. The trial court denied the motion, finding that the policy's definition of a covered person was trumped by Georgia's uninsured motorist statute, which provides, in pertinent part, that an automobile insurance policy issued in this state shall contain "an endorsement or

provisions undertaking to pay the insured all sums which said insured shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle." OCGA § 33-7-11 (a) (1).

The Court of Appeals granted interlocutory review and a majority of the court reversed, acknowledging that the plain meaning of OCGA § 33-7-11 (a) (1) would require an insurer to pay for the death of someone who is not insured, but asserting that that would not square with common sense. In reaching that conclusion, the Court of Appeals recognized that our uninsured motorist statute should be construed to protect innocent drivers from the negligent acts of irresponsible motorists. *Atlanta Cas. Co.*, supra at 667. Nevertheless, the appellate court reasoned that that statute cannot be read to require an insurer to pay damages for the death of a person who was not covered under the policy. We disagree.

The language of the statute is plain and it is not illogical. It clearly states that the insurer is to pay "*all* sums which [the] insured shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle." (Emphasis supplied.) OCGA § 33-7-11 (a) (1). All means all, every single one. Since the insured in this case is entitled to recover damages for the death of his son against the owner or driver of the uninsured vehicle, he is entitled to recover those damages against his insurer. As Judge Barnes correctly pointed out in her dissent:

> [T]he language in this case *is* clear on its face. The majority then, through some sort of judicial clairvoyance, engrafts what it believes the legislature must have intended. This approach, of course, assumes that the legislature was incapable of understanding the meaning of "all," and that the General Assembly did not want insureds to be able to recover for *all* damages caused by uninsured motorists, but only for certain damages that the majority proceeds to define. . . .

> No language in the statute can reasonably support the majority's proposed construction. A plain reading of the language clearly requires coverage, regardless of whether the person injured is a covered or noncovered person in the policy. All that the statute requires is that the insured person be "legally entitled to recover damages." A court cannot by construction "add to, take from, or vary the meaning of unambiguous words in the statute."

> The majority conjectures that the legislature did not intend to require this coverage, but can point to no language or ambiguity in the statute supporting this construction of the

legislative intent, and makes no reference to any legislative history or comment upon which it relies. Where there is no ambiguity, our job is simply to look at the words the legislature used, not to interpret what we think they must have meant. If the legislature disagrees with our construction, it is free to amend the statute to make its intent clear, as it has on other occasions.

(Citations and footnotes omitted.) *Atlanta Cas. Co.*, supra at 670-671 (Barnes, J., dissenting).

*Judgment reversed. All the Justices concur, except Fletcher, C. J., who dissents.*

FLETCHER, Chief Justice, dissenting.

Because I agree with the well-reasoned decision of the Court of Appeals in this case, and because this Court's majority opinion fails to distinguish or overrule the Court of Appeals's prior decision in *Roman v. Terrell*,[1] which this Court expressly ratified in *State Farm Mut. Auto. Ins. Co. v. Weathers*,[2] I respectfully dissent.

DECIDED MARCH 28, 2005.

*Kam & Ebersbach, Randy J. Ebersbach*, for appellants.
*Harper, Waldon & Craig, Daniel C. Prout, Jr., Seacrest, Karesh, Tate & Bicknese, Karsten Bicknese, Peter Werdesheim*, for appellee.
*Charles M. Cork III*, amicus curiae.

[1] 195 Ga. App. 219 (393 SE2d 83) (1990).
[2] 260 Ga. 123 (392 SE2d 1) (1990).