A07A1931. BONAMICO et al. v. KISELLA.

(659 SE2d 666)

BERNES, Judge.

Brad and Lanette Bonamico appeal from the trial court's grant of partial summary judgment to Progressive American Insurance Company, their uninsured motorist (UM) insurance provider, in a lawsuit involving injuries sustained by Brad Bonamico in a motor vehicle accident. The sole issue on appeal is whether Progressive, as a UM provider, is statutorily obligated to pay a punitive damages judgment in the event that one is awarded to the Bonamicos. Based upon the prior precedent of this Court and our Supreme Court, we conclude that the answer to this question is no.

The facts of this case are undisputed. On December 5, 2003, Brad Bonamico's vehicle was hit from behind by a vehicle driven by Phillip Kisella, who was intoxicated. Brad Bonamico was severely and permanently injured.

The Bonamicos filed a lawsuit against Kisella, alleging negligence and seeking compensatory and punitive damages. Because Kisella was uninsured and otherwise has no assets, the Bonamicos sought recovery for their damages from Progressive under the UM provision of their insurance policy.

Progressive moved for partial summary judgment, arguing that under the prior precedent of both the Supreme Court and this Court, an award of punitive damages could not be recovered under the UM

policy.[1] See *State Farm &c. Ins. Co. v. Weathers*, 260 Ga. 123 (392 SE2d 1) (1990); *Dees v. Logan*, 281 Ga. App. 837, 838 (1) (637 SE2d 424) (2006), rev'd on other grounds, 282 Ga. 815 (653 SE2d 735) (2007); *Roman v. Terrell*, 195 Ga. App. 219, 219-222 (2), (3) (393 SE2d 83) (1990). The trial court granted Progressive's motion, resulting in this appeal.

During the time period relevant to this case, the controlling Georgia Uninsured Motorist Statute, OCGA § 33-7-11 (a) (1) (A),[2] provided:

> No automobile liability policy or motor vehicle liability policy shall be issued . . . unless it contains an endorsement or provisions undertaking to pay the insured all sums which said insured shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle . . . because of bodily injury to or death . . . and . . . because of injury to or destruction of property. . . .

Ga. L. 2001, p. 1228, §§ 1-2.

In *Roman*, where we addressed the exact question at issue in this case, we held that the statutory language was ambiguous in the punitive damages context because even though it requires a UM provider to pay for "all sums" that an insured is entitled to recover, it limits the recoverable damages to those that result "because of" bodily injury or property damage. OCGA § 33-7-11 (a) (1) (A); *Roman*, 195 Ga. App. at 221 (2). An award of punitive damages stems not from a victim's bodily injury or property damage, but from a desire to punish the conduct of a wrongdoer. See *Roman*, 195 Ga. App. at 221 (2). We therefore invoked the rules of statutory construction in order to determine the intent of the Georgia legislature. After applying the maxims of expressio unius est exclusio alterius — the express mention of one thing implies the exclusion of another — and expressum facit cessare tacitum — if some (of many) things are expressly mentioned, the inference is stronger that those omitted are intended to be excluded — we concluded that "the purely technical application

---

[1] The policy itself also excluded recovery of punitive damages in the context of an uninsured motorist.

[2] Effective July 1, 2006, subsection (a) (1) of the Georgia Uninsured Motorist Statute was revised and now provides, in pertinent part:

> No automobile liability policy or motor vehicle liability policy shall be issued . . . unless it contains an endorsement or provisions undertaking to pay the insured damages for bodily injury, loss of consortium or death of an insured or for injury to or destruction of property of an insured under the named insured's policy sustained from the owner or operator of an uninsured motor vehicle. . . .

Ga. L. 2006, p. 815, §§ 1-3, eff. July 1, 2006.

of the rules of statutory construction favors the conclusion that . . . the legislature's intention was to permit recovery only of compensatory, and not punitive damages." Id. at 221 (3) (a).

We also were persuaded by

> [t]he reality . . . that most uninsured motorists are judgment proof, or at least difficult judgment debtors against whom to satisfy judgments. The uninsured motorist insurance statute was designed to compensate their victims for this reason. . . . Allowing punitive damages to be awarded against an insurance company can serve no deterrent function because the wrongdoer is not the person paying the damages. There is no point in punishing the insurance company; it has done no wrong. In actual fact, of course, the burden would ultimately come to rest not on the insurance companies but on the public, since the added liability to the insurance companies would be passed along to the premium payers. Society would then be punishing itself for the wrong committed by the tortfeasor. This cannot be the intended purpose of our statute.

(Citations and punctuation omitted.) *Roman*, 195 Ga. App. at 222 (3) (b). Thus, we held that "no recovery of punitive damages may be had against an uninsured motorist carrier." Id.

In *Weathers*, the Supreme Court of Georgia addressed the same issue. *Weathers*, 260 Ga. at 123. The Court agreed with our reasoning in *Roman* and adopted its holding. See id.; *Roman*, 195 Ga. App. at 219-222 (2), (3). Thus, since 1990, when *Weathers* was decided, it has been the law in Georgia that punitive damages are not recoverable against an uninsured motorist. See, e.g., *Dees*, 281 Ga. App. at 838 (1); *Shelter Mut. Ins. Co. v. Bryant*, 220 Ga. App. 526, 528 (1) (469 SE2d 792) (1996); *Moore v. State Farm &c. Ins. Co.*, 196 Ga. App. 755, 757-758 (397 SE2d 127) (1990).

The Bonamicos nevertheless argue that *Weathers* and *Roman* were overruled by *Gordon v. Atlanta Cas. Co.*, 279 Ga. 148 (611 SE2d 24) (2005). We are unpersuaded. The issue as framed by the Supreme Court in *Gordon* was "whether Georgia's uninsured motorist statute requires an insurer to pay damages for the death of an insured's son when the insured's son is not a 'covered person' under the terms of the insurance policy." Id. Thus, the issue in *Gordon* was not one of damages, but of coverage, and so that case does not change the result here. Indeed, in a decision by this Court after *Gordon*, we reiterated that "[p]unitive damages may not be recovered from a UM carrier." *Dees*, 281 Ga. App. at 838 (1).

For these reasons, the trial court correctly ruled as a matter of law that Progressive is not statutorily obligated to pay a punitive damages judgment awarded to the Bonamicos. Accordingly, we affirm the grant of partial summary judgment to Progressive.

*Judgment affirmed. Blackburn, P. J., and Ruffin, J., concur.*

DECIDED MARCH 10, 2008 —

*Webb, Lindsey & Wade, Jonathan J. Wade*, for appellants.
*Shur, McDuffie & Morgan, Darrell T. Carver*, for appellee.