## A08A1189. SMITH v. STODDARD.
### (669 SE2d 712)

BERNES, Judge.

In this personal injury action, David Smith appeals the trial court's order granting partial summary judgment in favor of State Farm Insurance Company, his uninsured motorist ("UM") insurer, as to his claim for attorney fees and expenses under OCGA § 13-6-11. Smith also appeals the trial court's order granting State Farm's motion in limine to exclude evidence of his charitable activities. For the reasons that follow, we discern no error and affirm.

"On appeal from a grant of a motion for summary judgment, we review the evidence de novo, viewing it in the light most favorable to the non-movant, to determine whether a genuine issue of fact remains and whether the moving party is entitled to judgment as a matter of law." *Nghiem v. Allstate Ins. Co.*, 292 Ga. App. 588 (664 SE2d 925) (2008).

So viewed, the record shows that Smith filed this personal injury action against John Stoddard, alleging that he was injured during a motor vehicle accident caused by Stoddard's negligence in driving recklessly and while intoxicated. In addition to seeking damages for bodily injury, Smith sought attorney fees and expenses under OCGA § 13-6-11, alleging that Stoddard had acted in bad faith and had been stubbornly litigious. Stoddard filed an answer that admitted he had breached a duty in causing the accident, but otherwise failed to admit Smith's remaining allegations.

Stoddard maintained liability insurance with Allstate Insurance Company. After Allstate paid Smith $25,000 as the total limits of its policy, Smith executed a limited release that discharged Stoddard and Allstate from all claims, except to the extent that additional insurance coverage was available.

Having exhausted Stoddard's policy limits, Smith sought excess damages against his UM insurer, State Farm, including attorney fees and expenses under OCGA § 13-6-11. In seeking these statutory fees and expenses, however, Smith did not claim that State Farm had acted in bad faith or had been stubbornly litigious; rather, his claim was based solely upon Stoddard's conduct. State Farm filed a motion for partial summary judgment, contending that Smith was not entitled to recover attorney fees and expenses against it under OCGA § 13-6-11 as a matter of law. State Farm also filed a pretrial motion in limine to exclude evidence of Smith's involvement in charitable activities on the grounds that such evidence served to improperly bolster Smith's character. The trial court granted both motions.

Following trial, the jury awarded Smith damages in the amount of $13,513.22 for his medical bills, lost income, and pain and suffering. The parties had stipulated that Smith's $25,000 pretrial recovery under the limited release would be credited from the verdict. Because Smith's pretrial recovery exceeded the amount awarded in the verdict, the trial court entered a judgment in favor of the defense. This appeal ensued.

1. Smith contends that the trial court erred in holding that he could not recover attorney fees and expenses from State Farm under OCGA § 13-6-11. That statute provides:

> The expenses of litigation generally shall not be allowed as a part of the damages; but where the plaintiff has specially pleaded and has made prayer therefor and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them.

According to Smith, he was entitled to recover from State Farm under the statute because Stoddard had been stubbornly litigious and had acted in bad faith. We disagree. Attorney fees and expenses under OCGA § 13-6-11 were not authorized under the Georgia Uninsured Motorist Statute or the UM insurance policy that Smith had with State Farm.

(a) *The Georgia Uninsured Motorist Statute.* State Farm is involved in this lawsuit as a UM insurer pursuant to the provisions of the Georgia Uninsured Motorist Statute, OCGA § 33-7-11 (the "UM statute").[1] During the time period relevant to this case, OCGA § 33-7-11 (a) (1) (A) provided as follows:

---

[1] Although Stoddard had liability insurance, Smith was entitled to make a claim for UM coverage pursuant to OCGA § 33-7-11 (b) (1) (D) (ii), extending coverage to situations where

> No automobile liability policy or motor vehicle liability policy shall be issued . . . unless it contains[an endorsement or provisions undertaking to pay the insured all sums which said insured shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle . . . because of *bodily injury* to or *death* . . . and . . . because of *injury to or destruction of property.* . . .

(Emphasis supplied.) Ga. L. 2001, p. 1228, §§ 1-2. See *Bonamico v. Kisella*, 290 Ga. App. 211, 212 (659 SE2d 666) (2008).[2]

Based on this plain statutory language, an insured is entitled to recover damages from the UM insurer for bodily injury, death, or property damage. Notably, however, the UM statute makes no provision for the recovery of attorney fees and expenses against a UM insurer based upon the *tortfeasor's* stubborn litigiousness or bad faith conduct.[3] Indeed, the only provision for attorney fees and expenses is found in OCGA § 33-7-11 (j), which pertains to the *UM insurer's* bad faith failure to pay a claim.

By omitting any reference to the recovery of attorney fees and expenses predicated on the tortfeasor's stubborn litigiousness or bad faith conduct, the UM statute clearly shows that the legislature did not intend to authorize an insured to recover attorney fees and expenses for such conduct from the UM insurer. "This is because when a statute expressly mentions one of many things, the omitted things must be regarded as having been deliberately excluded." *Dees v. Logan*, 282 Ga. 815, 816 (653 SE2d 735) (2007). See also *Roman v. Terrell*, 195 Ga. App. 219, 221 (3) (a) (393 SE2d 83) (1990). And where, as here, the legislature provides a limited penalty under a specific enactment, namely OCGA § 33-7-11, the limited penalty is the exclusive penalty, and recovery under general penalty provisions such as OCGA § 13-6-11 will not be allowed. See *McCall v. Allstate Ins. Co.*, 251 Ga. 869, 872 (2) (310 SE2d 513) (1984). The trial court,

---

an insured has been injured by an underinsured tortfeasor. See *Ford v. Ga. Farm &c. Ins. Co.*, 191 Ga. App. 735 (382 SE2d 659) (1989); *State Farm &c. Ins. Co. v. Hancock*, 164 Ga. App. 32, 33 (295 SE2d 359) (1982).

[2] Effective July 1, 2006, subsection (a) (1) of the statute was revised and now provides, in pertinent part, that the UM policy provisions must "undertak[e] to pay the insured damages for bodily injury, loss of consortium or death of an insured, or for injury to or destruction of property of an insured." OCGA § 33-7-11 (a) (1). See Ga. L. 2006, p. 815, §§ 1-3.

[3] Attorney fees and expenses based on the tortfeasor's stubborn litigiousness or bad faith conduct are not incurred "because of" bodily injury or property damage, as the claims in this case illustrate. Smith's stubborn litigiousness claim was based upon Stoddard's conduct of refusing to pay the amount of damages sought in advance of the lawsuit. Smith's bad faith claim was based upon Stoddard's conduct prior to the collision. Thus, Smith did not incur attorney fees and expenses " 'because of' the bodily injury or property damage [that he] sustained . . . , but rather 'because of' some aspect of the tortfeasor's conduct which caused [Smith's] loss." *Roman v. Terrell*, 195 Ga. App. 219, 221 (2) (393 SE2d 83) (1990).

therefore, correctly held that Smith could not recover attorney fees and expenses from State Farm under OCGA § 13-6-11 in light of the plain language of the UM statute.

(b) *The State Farm UM Policy.* "Under Georgia law, an insurance company is free to fix the terms of its policies as it sees fit, so long as they are not contrary to the law." (Punctuation and footnote omitted.) *Abrohams v. Atlantic Mut. Ins. Agency,* 282 Ga. App. 176, 181 (3) (638 SE2d 330) (2006). Hence, we also must address whether Smith was entitled to recover the requested attorney fees and expenses based upon his UM insurance policy with State Farm. We conclude that he was not.

Under Georgia law, "contracts of insurance are interpreted by ordinary rules of contract construction. . . . Where the terms are clear and unambiguous, and capable of only one reasonable inter-pretation, the court is to look to the contract alone to ascertain the parties' intent." (Citations omitted.) *Boardman Petroleum v. Feder-ated Mut. Ins. Co.,* 269 Ga. 326, 327-328 (498 SE2d 492) (1998). Here, the clear and unambiguous terms of the insurance policy show that Smith was not entitled to recover the requested attorney fees and expenses. State Farm's UM liability under the insurance policy was limited to the type required by the UM statute. Specifically, the policy provided only that State Farm would "pay damages for *bodily injury* and *property damage* an insured is legally entitled to collect from the owner or driver of an uninsured motor vehicle[.]" (Empha-sis in original.) Consequently, the trial court correctly concluded that the attorney fees and expenses requested by Smith were not autho-rized by his UM insurance policy with State Farm.

2. Smith further contends that the trial court erred in granting State Farm's motion in limine to exclude evidence of his charitable activities. He argues that this evidence was relevant to his claim for pain and suffering. Yet, in his notice of appeal, Smith specifically stated that "[n]o transcript of the proceedings will be filed for inclusion in the record on appeal." In the absence of any evidence in the record that Smith made the required proffer of the purportedly excluded evidence at trial, we cannot review the claim that such evidence exists and that Smith was harmed by its exclusion. See *Zone Enterprises v. George L. Smith II Ga. &c. Auth.,* 234 Ga. App. 238, 240-241 (506 SE2d 424) (1998).

*Judgment affirmed. Ruffin, P. J., and Andrews, J., concur.*

DECIDED NOVEMBER 19, 2008.

*Glenn A. Loewenthal,* for appellant.

*Harper, Waldon & Craig, Jonathan M. Adelman, Downey & Cleveland, Robert C. Harrison, Jonathan C. Jones*, for appellee.